# Saunders *vs* Kastenbine's Executor, &c.

CHANCERY.

*Case* 5.

*Sept.* 11.

ERROR TO THE LOUISVILLE CHANCERY COURT.

*Frauds, statute of.   Parol contracts.*

JUDGE BRECK delivered the opinion of the Court.

SAUNDERS, a man of color, exhibited this bill in chan- The case stated. cery against the executor and devisees of Charles Kasten-bine, alledging a purchase from the latter, in his lifetime, of a slave by the name of Matilda, the wife of complain-ant, and upon the following terms : that he was to pay the purchase money, which was $400, in monthly instal-ments of not less than four dollars nor more than eight dollars per month, unless the complainant should find it convenient to pay more; that he obtained possession of the said Matilda at the time of the purchase, and yet had her in possession, but that the representatives of said Kastenbine had been recently denying his purchase and threatening to take said slave from complainant with a strong hand; that he had paid $270 of the purchase mo-ney, and was willing to go on and pay the residue accord-ing to the terms of his contract.   He prayed for and ob-tained an injunction restraining the defendants from dis-turbing him in the possession and enjoyment of said Matilda.

The defendants deny that there was ever any sale of Matilda by their testator to complainant, and insist that he obtained and had held possession of her under a con-tract of hire and not of purchase.

The Chancellor was inclined to the opinion that the complainant had succeeded in establishing a contract of purchase, but of such a character as to be embraced by the statute of frauds and perjuries, and accordingly dis-missed his bill with his costs.   To reverse that decree the complainant has brought the case to this Court.

It appears that the complainant obtained possession of Matilda between three and four years before the exhibi-tion of his bill, and we concur in opinion with the Chan-

*A paro. contract for the sale of a slave, not to be performed with-*

in one year, is
within the stat-
ute of frauds
and cannot be
enforced specifi-
cally.

cellor, that the testimony preponderates in favor of his having purchased and not hired her. The contract, however, as we understand it, falls within both the spirit and letter of the statute of frauds. It was, as to both parties, executory. The complainant, on his part, was to pay the purchase money in monthly instalments of from four to eight dollars each, and when the purchase money was in this way all paid, Kastenbine was to consummate the contract on his part, by making the complainant a bill of sale. The contract, so far as appears, was wholly in parol, and was not according to the manifest intention of the parties, to be performed within a year from the making thereof. It is true it is insisted by counsel, that the contract was executed on the part of the deceased, and that the sale was complete and the slave the property of the complainant when he obtained the possession. But in view of all the facts in the case, including the character and attitude of the parties, we are by no means satisfied that such was the contract. We think it was, in effect, an *agreement* to sell—that when the complainant paid for her, and not till then, Matilda was to become absolutely his property. That such was the nature of the arrangement is sustained, we think, by the testimony and by all the probabilities of the case, in preference to an absolute unconditional sale.

The decree must be affirmed with costs.

*Loughborough* for plaintiff; *Kearney* for defendants.