## MRS. K. EDWARDS & SONS *v.* FARVE.

### [71 South. 12.]

1. STATUTE OF FRAUDS. *Agreements not to be performed within one year.*

    Under the provisions of the statute of frauds, providing that contracts not to be performed within one year from the making thereof must be in writing, the possibility of the ‾death of the promisor within one year would not take the contract out of the statute unless the death leaves the contract fully performed, the rule being, if the death of the promisor within the year would merely prevent full performance of the agreement, it is within the statute; but if his death would leave the agreement completely performed and its purpose fully carried out, it is not.

2. STATUTE OF FRAUDS. *Agreements not to be performed within one year.*

    In a suit on a contract for the delivery of ninety thousand logs at the rate of two hundred per day, an instruction that a suit cannot be maintained on an oral contract which was not to be performed within one year and if the jury believed that the logs could not be handled within one year at the rate of two hundred a day they shall find for the defendant, should not have been refused, as the contract was within the statute of frauds since the clause "not to be performed within one year from the making thereof" means to include any agreement which, by fair and reasonable interpretation of the term used by the parties, and in view of all the circumstances existing at the time, does not admit of its performance, according to its language and intention, within a year from the time of its making.

APPEAL from the circuit court of Hancock county.
HON. J. J. BALLINGER, Judge.

Suit by Cameron Farve against Mrs. K. Edwards & Sons. From a verdict for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Bowers & Griffith* and *E. J. Gex*, for appellants.

We deny that it is the rule in Mississippi or anywhere else that parties by their contract must expressly provide

that it should extend for more than twelve months to bring it within the statute of frauds because, if the court please, such a construction of the statute would reduce the matter to an absurdity. Let us assume, if your honor please, for the sake of argument, that A owned one hundred lots of land and agreed with B that B should build him one house each month, no more and no less, upon the land; it would be apparent from the very terms of the contract that it was expected to last more than twelve months, and such is the contract that was made in this case. The fact that appellee might have died within twelve months does not change this rule at all, because the contract was made on the assumption that the whole of the land was to be logged and the damages sued for are for the failure to permit him to log the whole of the land. Certainly the court cannot find from this record that there was any possibility of the contract being completed within twelve months, or that the parties contracted with a view to its completion within twelve months, and unless the court can so find the case must be reversed.

We take it that there is no doubt that the case will be reversed, because the court failed to submit the question of the statute of frauds to the jury, refusing all instructions whatever drawn along that line, but we insist that when it is reversed it should be dismissed, because of the fact that the evidence of Mitchell shows that there had been hauled at the time of the trial, which occurred sometime after the breach of the contract at least sixty-seven thousand logs, and that there were approximately thirty odd thousand left on the land. This evidence was perfectly competent and was uncontradicted by any competent proof, which went to show that that many logs had not been hauled from this land, and the appellee availed himself of the evidence of the same book in his cross-examination of Mitchell which is set out in the original brief filed by appellant in this case, to which the attention of the court is respectfully invited.

110 Miss.—55

In the conclusion of their brief appellee stated in concluding their argument on statute of fraud "that of all this," referring to the statute of frauds was submitted to and fully argued before the jury who disregarded the flimsy disguise which is now attempted to be put over this court."

And replying thereto, we call the court's attention to the fact that the question of the statute of frauds was never submitted to the jury but the court refused any instructions whatever on that subject, and the statute of frauds "was not argued before the jury, because, of course, no argument could be made on it without instruction to base it on, and no such charge having been given, no argument was made on the statute of frauds to the jury." We cannot understand how appellee's counsel have so stated in their brief, because such is manifestly not the fact as the court can clearly see from the record.

*Gex & Waller,* for appellee.

Now while we submit there is no proof at all in the record to support any theory to avoid the contract involved in this matter because of the statute of frauds, and while we contend that the statute of frauds proposition could not be raised but by a special plea, to be tried specially, yet for the purpose of following counsel in their argument, we submit that this contract was not within the statute of frauds, even if the jury had found for the defendant, thereby establishing that same might not have been completed within one year.

*In re Chaffe & Sons* v. *Benoit,* 60 Miss. 39, this court stated: "Here is no force in the objection that the lease was for more than a year, and was void because not in writing. It was for the "crop season of 1880" which might or might not be for more than twelve months, it is lawful, though its actual completion may in fact require a longer period. Brown on the State. Fr., sec. 273, *et seq.*"

This court has held time and again that where no time of performance is fixed in the contract, same will never be presumed to be in violation of the statute of frauds, and in the case of *Duffy* v. *Snyder,* 54 Miss. 252, this court said:

"It is unnecessary to decide whether this principle would justify a recovery of the price of a house built upon another's land, under a void contract, without proof of a taking possession or use of the house by the landowner (which this record leaves doubtful); because the verdict and judgment here are sustained by other proof in the record. It was proved that, in 1873-74, when, Snider was about to make some additions to the house, Mrs. Duff told him that she was afraid that he was going to make the house too costly; but that, if he would do nothing further, she would pay for it; and Snider thereupon forebore to make the additions. There was no time fixed by this agreement for making the payment; and it is well settled that, when no time of performance is fixed, the contract will never be presumed to be in violation of the statute of frauds." *Jackson* v. *Railroad,* 76 Miss. 607; *Tate* v. *Stockstill, et al,* reported in 52 So. 192.

From the above it will be seen that, regardless of what the rule is in other states, in Mississippi, the parties by their contract must expressly provide that it will last over a year to bring a contract within same, and whether it lasts over a year or not will not avoid it, if the contract does not provide for it to extend over that period. Certain it is that the contract in this case did not provide that it should extend over a year, and certain it is that it could have been completed within a year.

But there is another reason why the court did not err in refusing to grant any instruction on the question of the statute of frauds, even though we could get beyond the questions hereinabove discussed, and that is, that this contract being personal, could and would terminate with the death of either individual, and therefore it comes strictly within the rule set out in the Tate case and the

Jackson case hereinabove cited. That the contract was personal, there can be no question, because certain it is that a court could not have required the administrator of the appellee to have carried same out, had he died within the year. *Howe Sewing Machine Co.* v. *Rosensteel*, 24 C. C. 583; *Shultz* v. *Johnson*, 44 Ky. 497; *Gauss* v. *Haussman*, 22 Mo. App. 115; *Huling* v. *Chester*, 19 Mo. App. 607; *Dickinson* v. *Calahan*, 19 Pa. St. 227; *Winslow* v. *Fraser*, 30 Vt. 522, 41 Me. 258; *Carver* v. *Miller*, 4 Mass. 559; *Stinson* v. *Prescott*, 81 Mass. 335; *Harrison* v. *Conlan*, 92 Mass. 85; *Brown* v. *McDonald*, 129 Mass. 666; *Babbitt* v. *Ridder*, 1 Grant Cas. 161; *Brown* v. *Fairhall*, 100 Me. 556.

From the foregoing it will be seen: First: That there was no testimony at all before the court in support of the fact that the contract would require a longer period of time than one year to complete, while on the other hand, he who did not have the burden to establish such a fact assumed and proved it, at least to the satisfaction of the jury, the arbiters of the facts. Second: Regardless of what the law might be in other states, in Mississippi before a contract will be declared to be within the statute of frauds, the parties must by express stipulation place it therein. Third: A contract for life, or one that might terminate by the death of either party, is not within the statute of frauds, even though it is contemplated that either party might live over a year because there is a possibility of death within that time.

Therefore we submit that it was proper both as a question of fact and of law, for the lower court to refuse to submit to the jury the validity of the contract on the plea, or the supposed plea, of the statute of frauds.

SMITH, C. J., delivered the opinion of the court.

Appellee instituted this suit in the court below to recover of appellants damages alleged to have been sustained by him because of the breach by appellants of a

parol contract, by which, according to his evidence, he
agreed to deliver to appellants' mill all of the logs which
could be obtained from the timber on certain described
land, appellants agreeing to pay him therefor thirty-five
cents per log, two hundred logs, neither more nor less,
to be delivered each day, excluding Sundays, till the en-
tire number thereof which could be obtained from the
land had been delivered.   One of appellants' defenses
is that the contract was void under the statute of frauds,
because it was "not to be performed within the space
of one year from the making thereof."     In   support
thereof, evidence was introduced by them to the effect
that there were between ninety thousand and one hundred
thousand logs on the land.   The evidence for appellee was
to the effect that the number of logs on the land was be-
tween forty thousand and fifty thousand.   One of the in-
structions requested by appellants and refused   by   the
court was as follows:

"The court instructs the jury for the defendant that a
suit cannot be maintained on any oral contract which is
not to be performed within the space of one year from
the making thereof, and that therefore if the jury be-
lieved from the evidence that the number of logs to be
handled could not be handled under the contract at the
rate of two hundred per day within one year from the
beginning of said work they should find for the defend-
ant."

If the number of logs to be delivered under this con-
tract amounted to ninety thousand, the contract could not
have been performed within one year from the making
thereof, for, since appellee could not be required to de-
liver nor appellants to receive more than two hundred
logs per day, it would have required four hundred and
fifty days to deliver them.

But it is said by counsel for appellee "that this con-
tract, being personal, could and would terminate with
the death of either individual," which death might have

occurred within the year, and therefore the contract is not within the statute. Conceding for the sake of the argument that the death of either party to this contract would have terminated it, it would certainly not thereby have been fully performed, and the rule is that: .

"If the death of the promisor within the year would merely prevent full performance of the agreement, it is within the statute (*Mallett* v. *Lewis*, 61 Miss. 105); but if his death would leave the agreement completely performed and its purpose fully carried out, it is not." *Jackson* v. *Railroad Company*, 76 Miss. 607, 24 So. 874; *Doyle* v. *Dixon*, 97 Mass. 208, 93 Am. Dec. 80.

If the number of logs to be delivered amounted to ninety thousand, the contract sued on is within the statute of frauds and the instruction hereinbefore set out should have been given, for:

"The clause of the statute in regard to agreements 'not to be performed within the space of one year from the making thereof' means to include any agreement which, by a fair and reasonable interpretation of the terms used by the parties, and in view of all the circumstances existing at the time, does not admit of its performance, according to its language and intention, within a year from the time of its making." 2 Elliott on Contracts., secs. 1277 and 1287.

*Reversed and remanded.*