VAUDREUIL LUMBER COMPANY, Appellant, vs. CULBERT and another, Respondents.

*November 5, 1935—February 4, 1936.*

For the appellant the cause was submitted on the briefs of *W. H. Stafford* and *Harold E. Stafford,* both of Chippewa Falls.

*P. J. Murphy* of Chippewa Falls, for the respondents.

The following opinion was filed December 3, 1935:

FOWLER, J. The trial court was in error in saying that the oral agreement modifying the original contract is void for want of consideration, but it does not follow that it was not void for another reason. Respondents' counsel concedes that a written contract not required by the statute of frauds to be in writing may be modified orally, but contends that a contract required by such statute to be in writing

cannot be so modified. The plaintiff's counsel contend that a land contract, although required by the statute to be in writing, may be orally modified unless the modification provides for some conveyance of land.

The contention of plaintiff would doubtless be upheld in many jurisdictions, although it cannot be in this, because prior decisions of this court have taken the position that oral agreements to extend the time of payment provided for in contracts if not to be performed within a year are void under the section of the statute of frauds covering contracts not to be performed within that period. *Braasch v. Bonde,* 191 Wis. 414, 211 N. W. 281; *Mair v. Schultz,* 194 Wis. 578, 217 N. W. 328. Our statutes of frauds cover both contracts for the conveyance of land, sec. 240.08, Stats., on which plaintiff's contention is based, and other contracts that must be in writing, sec. 241.02. By the latter statute "every agreement that by its terms is not to be performed within one year from the making thereof" is "void unless such agreement or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party charged therewith." It is the latter statute that renders void the oral modification of the land contract here involved. The new oral agreement covering the amount and times of payment on the land agreement was not to be performed within one year. There was no executed consideration, if there was any consideration at all, to take it out of the statute. See the discussion in the *Braasch Case, supra,* p. 419 *et seq.* It follows that the oral agreement relied upon by the plaintiff was void and the ruling of the trial court was correct notwithstanding that the conclusion of the court was based upon faulty reasoning.

*By the Court.*—The judgment of the county court is affirmed.

A motion for a rehearing was denied, with $25 costs, on February 4, 1936.