ROBNOLTE ET AL., APPELLEES, v. KOHART, APPELLANT.

(No. 95—Decided April 30, 1947.)

*Mr. Wilmer D. Rekeweg,* for appellees.
*Mr. John F. DeMuth,* for appellant.

JACKSON, P. J.   The plaintiffs, appellees in this court, who are husband and wife, are tenants in common of a parcel of real estate in Paulding county, Ohio, upon which premises is located a dwelling house.

Plaintiffs allege that on the 3rd day of June, 1945, the dwelling house, but no part of the land, was sold

to the defendant, appellant herein, for the sum of $500, which purchase price was paid for in full by a check in favor of the plaintiff M. A. Robnolte. The check was cashed in due course.

It is further alleged that the house was to be removed from the real estate within a year; that on the 29th day of August, 1946, which was more than a year after the making of the contract, the defendant entered upon the premises, tore down two chimneys, cut and broke the foundation of the dwelling house; and that in July 1946, plaintiffs tendered a return of the payment of the $500 to the defendant and informed the defendant that the sale or contract was cancelled, due to the then nonperformance of the condition that the house was to be removed within a year from the date of the sale of the dwelling house. Defendant refused to accept the return of the $500 and insisted upon the contract being fulfilled.

In the trial before the Common Pleas Court a temporary injunction was granted by the court, which was made permanent, no damages allowed to either party, each party was required to pay their own costs, and the $500 was ordered to be returned to the defendant.

The action in this court is an appeal on questions of law and fact from the judgment of the Common Pleas Court, and the cause was submitted to this court on the evidence adduced in the Common Pleas Court, as shown by the bill of exceptions. Whereupon this court heard the case *de novo* in accordance with the procedure prescribed by the statutes and the rules of this court.

In the trial of a case on an appeal from a lower court on questions of law and fact there is no requirement for an assignment of errors, and no briefs are required prior to the date of the trial. In such an

appeal the appellant does not claim to base his appeal on prejudicial errors committed in the court below, but bases his appeal on a trial *de novo* to which he is entitled under the law.

The facts do not leave much in dispute and are substantially as follows:

On June 3, 1945, the plaintiff M. A. Robnolte sold a dwelling house on a farm belonging to himself and his wife Muriel, to the defendant, Frank Kohart, for $500, and such sum was immediately paid. The insurance on the dwelling house was immediately transferred from the plaintiffs to the defendant. For a short period of time after the sale a tenant of the plaintiffs remained in the house at plaintiffs' request, and a short time later the son-in-law of the plaintiffs, with the consent of the defendant and the acquiescence of the plaintiffs, moved into the house. It is disclosed that the son-in-law was a soldier who had returned from the war after the sale and needed a place for himself and family in which to reside. Meanwhile, the defendant had purchased a piece of ground and had installed a foundation, together with certain arrangements of pipes and otherwise for the installation of the utilities. Numerous efforts were made by the defendant to find a house mover who would change the location of the dwelling house from the premises of the plaintiffs to the land of the defendant.

In July 1946, the plaintiffs notified the defendant that they were cancelling the contract, due to the nonperformance of the contract within a year, and tendered a return of the $500 which was not accepted.

On or about August 30, 1946, the defendant entered upon the premises of the plaintiffs and made ready to remove the building by tearing down the chimneys and knocking out several pieces of the foundation

under the house for the purpose of putting jacks or rollers thereunder. Whereupon suit was brought for an injunction and damages.

One of the disputed facts is when the house should be removed from the land of the plaintiffs. Plaintiffs insist the contract was definite that the house must be removed within one year from the date of the sale. Defendant asserts that the house was to be removed as soon as he could obtain a house mover to accomplish the same, and that he was hindered in the removal by the occupancy of the house by a tenant of the plaintiffs and the family of the son-in-law of the plaintiffs.

Muriel Robnolte, one of the plaintiffs, participated in the negotiation for the sale of the house and expressed herself as being satisfied with the transaction, with full authority to M. A. Robnolte to deal for her, so that any question of a proper sale by the tenants in common is completely eliminated.

As a reason or reasons for cancelling the contract and instituting the action for injunction and damages, plaintiffs rely upon Sections 8620 and 8621, General Code.

In our opinion the equities of the case are with the defendant.

A parol contract susceptible of being performed within a year and not containing a provision setting the time of performance beyond a year is not within the statute. And this is so even though such contract is not likely to be performed within a year.

A contract that is capable of being performed within a year but which may or may not be performed within that time is not within the statute. *Quirk* v. *Bank of Commerce & Tr. Co.*, 244 F., 682; *Jones* v. *Pouch*, 41 Ohio St., 146; *Randall* v. *Turner*, 17 Ohio St., 262.

It was the factual and exclusive possession of the house which was surrendered to the appellant which made the parol agreement effectual to take the contract out of the statute.

The statute of frauds applies only to contracts in which it is apparent that it was the understanding of the parties that the contract was not to be performed within a year from the time it was made and the fact that it may not be performed within the time does not make it void. 49 American Jurisprudence, 384, Statute of Frauds, Section 23.

Only oral agreements which cannot be performed within a year are invalid under the provisions of the statute of frauds regarding contracts not to be performed within a year. It is the accepted rule that to bring a contract within the operation of this provision of the statute there must be an express and specific agreement not to be performed within such period, for if there is a possibility of performance within a year, the agreement is not within the statute.

Even an oral promise which may not be performed within a year and which is not in fact so performed still does not come within the meaning of the ban of the statute if full performance may be had within that time. 49 American Jurisprudence, 385, Statute of Frauds, Section 25.

Contracts "not to be performed within one year" include only agreements which by a fair and reasonable interpretation of the terms used by the parties and in view of all the circumstances existing at the time do not admit of performance, according to the language and intention, within a year from the time of the making of the contract. 19 Ohio Jurisprudence, 637, Statute of Frauds, Section 115.

Agreements for the sale of buildings already erected

upon land rest in part, if not altogether, upon the individual facts. Courts have consistently held that the sale of houses, buildings, etc., to be removed from the premises does not involve a contract within the statute of frauds, because the buildings become personal property by intention of the parties as soon as the sale is made, for the reason that the sale itself operates as a severance from the land, which makes the agreement collateral to the land and passes no interest therein. It has been emphasized frequently by the courts that if the agreement of the parties contemplated an outright severance from the land, the agreement itself, in purview of the statute of frauds, was as effective as a physical severance. 49 American Jurisprudence, 499, Statute of Frauds, Section 163.

When the parties in interest agree that they may sever and remove from the realty, buildings thereon, such buildings are held and treated as personalty. 19 Ohio Jurisprudence, 585, Statute of Frauds, Section 46.

This is so for the reason that the title to the land is in no wise involved, nor is any interest or estate therein, and the statute of frauds will not avail. *Nonamaker* v. *Amos,* 73 Ohio St., 163, 76 N. E., 949, 112 Am. St. Rep., 708, 4 L. R. A. (N. S.), 980; *Long* v. *White,* 42 Ohio St., 59.

In arriving at the distinction between real estate and personalty as applied to a building affixed to real estate on a foundation, and the applicability of the statute of frauds, it is said that things attached to or forming part of the realty, which are agreed to be severed therefrom before sale or promptly after the formation of the contract, are personalty or goods and include, among other things, buildings thereon. 1 Restatement of Law of Contracts, 268, Section 200.

In view of the foregoing, we find on the issues in favor of the defendant, dissolve the permanent injunction heretofore granted, dismiss the amended petition of the plaintiffs, and assess the costs against the plaintiffs.

*Decree accordingly.*

Guernsey and Middleton, JJ., concur.