[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 125.]

SHERMAN ET AL., APPELLEES, *v*. HAINES, APPELLANT.

[Cite as *Sherman v. Haines*, 1995-Ohio-222.]

*Statute of Frauds—Oral agreement to pay money in installments is "an agreement that is not to be performed within one year" pursuant to R.C. 1335.05, when—Where time of payment is indefinite, the agreement does not fall within "not to be performed within one year" provision of R.C. 1335.05.*

An alleged oral agreement to pay money in installments is "an agreement that is not to be performed within one year" pursuant to R.C. 1335.05 when the installment payment obligation exceeds one year. However, where the time of payment under the agreement is indefinite or dependent upon a contingency which may happen within one year, the agreement does not fall within the "not to be performed within one year" provision of R.C. 1335.05.

(No. 94-1485—Submitted June 7, 1995—Decided August 16, 1995.)

CERTIFIED by the Court of Appeals for Lake County, No. 93-L-067.

————————————

{¶ 1} On October 20, 1992, plaintiff Jomarie Sherman and plaintiffs-appellees, Michael D. Sherman and Auto Owners Insurance, Inc. ("Auto Owners"), filed a complaint in the Painesville Municipal Court against defendant-appellant, Karen D. Haines. The complaint alleged that on October 11, 1990, appellant had "operated a motor vehicle in a negligent and careless manner causing personal injury to" Jomarie, and included a $3,000 subrogation claim by Auto Owners and a loss of consortium claim by Michael.

{¶ 2} Thereafter, appellant filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6) on the basis that the action was not brought within the two-year limitations period set forth in R.C. 2305.10. The plaintiffs then sought leave to amend their complaint in relevant part as follows:

"3. Plaintiff Auto Owners Insurance Inc. insured the Plaintiffs against loss caused by an uninsured driver.

"4. Pursuant to this policy of uninsured motorist coverage, Auto Owners Insurance Inc. paid to its insured the sum of $3,000.00 in uninsured motorist benefits[.]

"5. In March of 1992, The Defendant Karen D. Haines entered into an oral settlement agreement with the Plaintiff Auto Owners Insurance Inc. in which she promised to pay the $3,000.00 debt in monthly installments of $25.00.

"6. In July of 1992, she assured a representative of Plaintiff Auto Owners Insurance Inc. that she had sent a $25.00 payment and would comply with the terms of the settlement agreement.

"7. Despite these assurances, the Defendant did not sent [*sic*] a check to Plaintiff Auto [*sic*] Insurance Inc. and thus has breached the terms of the settlement agreement."

{¶ 3} The matter was heard by a referee, who recommended that "Defendant's Motion to Dismiss be granted and that Plaintiff be granted leave of Court to file an amended complaint alleging oral contract." The trial court found appellant's motion to dismiss well taken; and, further, denied "the Motion of the Plaintiff to file [the] amended complaint."

{¶ 4} The court of appeals reversed, concluding that the trial court "erred in not permitting [appellees] to amend their complaint since the claim was not barred by the statute of frauds." In a subsequent judgment entry, the court of appeals certified the record in this case to this court for review and final determination, finding that its decision was in conflict with that pronounced by the Tenth Appellate District in *Royal Doors, Inc. v. Hamilton-Parker Co.* (Apr. 29, 1993), Franklin App. No. 92AP-938, unreported.

————————————

*Weick, Gibson & Lowry*, *Michael J. Moran* and *Leslie S. Graske* for appellees.

*Clare I. McGuinness*, *David E. Cruikshank* and *George B.P. Haskell*, for appellant.

_____

**ALICE ROBIE RESNICK, J.**

{¶ 5} The issue certified is whether "[a]n alleged oral agreement for the payment of installments is 'an agreement that is not to be performed within one year from the making thereof' pursuant to the R.C. 1335.05 Statute of Frauds when the installment payment obligation exceeds one year." The resolution of this issue will determine the propriety of the trial court's denial of appellees' motion for leave to file an amended complaint alleging breach of oral contract.[1]

{¶ 6} As relevant here, R.C. 1335.05 provides that "[n]o action shall be brought whereby to charge the defendant *** upon an agreement that is not to be performed within one year from the making thereof; unless the agreement *** is in writing and signed by the party to be charged ***."

{¶ 7} For over a century, the "not to be performed within one year" provision of the Statute of Frauds, in Ohio and elsewhere, has been given a literal and narrow construction. The provision applies only to agreements which, by their terms, cannot be fully performed within a year; and not to agreements which may possibly be performed within a year. Thus, where the time for performance under an agreement is indefinite, or is dependent upon a contingency which may or may not happen within a year, the agreement does not fall within the Statute of Frauds. *Nonamaker v. Amos* (1905), 73 Ohio St. 163, 172-175, 76 N.E. 949, 951-952; *Jones v. Pourch* (1884), 41 Ohio St. 146; *Blakeney v. Goode* (1876), 30 Ohio St. 350;

_____

1. Appellees also argue the applicability of the doctrines of promissory estoppel and part performance. These issues, however, having been raised for the first time before this court, will not be considered.

*Randall v. Turner* (1867), 17 Ohio St. 262; *Robnolte v. Kohart* (1947), 81 Ohio App. 1, 36 O.O. 331, 76 N.E.2d 913. See, also, *Warner v. Texas & Pacific Ry. Co.* (1896), 164 U.S. 418, 17 S.Ct. 147, 41 L.Ed. 495; 72 American Jurisprudence 2d (1974) 573, Statute of Frauds, Section 9; 2 Corbin on Contracts (1950) 534-535, Section 444.

{¶ 8} Appellees argue, and the court of appeals held, that the oral agreement in this case could possibly have been performed within one year because appellant could have paid the entire $3,000 within a year, thus placing the agreement outside the "not to be performed within one year" provision of R.C. 1335.05.

{¶ 9} This position, however, is contrary to the great weight of authority. Most courts that have been confronted with oral agreements to pay money in installments over a period of time in excess of one year, the terms of which either precluded an early payoff or were silent as whether the defendant could pay the entire debt at an earlier time, have held such agreements to be within the applicable one-year provision of the Statute of Frauds in their respective jurisdictions. Other than a single dissenting opinion in *Hendry v. Bird* (1925), 135 Wash. 174, 185, 237 P. 317, 321, none of these courts has expressed the opinion that the potential for early payment amounts to a legal possibility of performance within one year sufficient to remove the agreement from the statute. In addition, those courts that have dealt with oral agreements similar to the agreement in the case *sub judice*, which do not specify the actual number of installment payments to be made but do provide for a periodic payment in such amount as would necessarily require more than a year to pay the entire obligation, have held such agreements subject to the statute.[2]   *Trew v. Ogle* (Tenn.App.1988), 767 S.W.2d 662; *Goldstein v. Abco*

---

2. We note that *Royal Doors, Inc.*, *supra*, is in accord with this authority. In that case, the Tenth District Court of Appeals held that "[t]he contract alleged by plaintiffs clearly did not contemplate performance within one year, in view of the time that would be required to pay off appellants' $184,000 debt at a rate of $5,000 a month." See, *e.g.*, *Goldstein*, *supra*; *Vaudreuil Lumber Co.*, *supra*; *Hendry*, *supra*.

*Constr. Co.* (Fla.App.1976), 334 So.2d 281; *Rochester Civic Theatre, Inc. v. Ramsay* (C.A.8, 1966), 368 F.2d 748, 755; *United Farm Agency v. McFarland* (1966), 243 Ore. 124, 411 P.2d 1017; *Vaudreuil Lumber Co. v. Culbert* (1935), 220 Wis. 267, 263 N.W. 637; *Maglaris v. Claude Neon Fed. Co., Inc.* (1935), 101 Ind.App. 156, 198 N.E. 462; *Hermann v. Gressel* (1933), 266 N.Y.S. 263, 148 Misc. 775; *Hendry v. Bird*, *supra*; *Thompson v. Ford* (1921), 145 Tenn. 335, 236 S.W. 2; *Hall v. Puente Oil Co.* (1920), 47 Cal.App. 611, 191 P. 39; *Mrs. K. Edwards & Sons v. Farve* (1916), 110 Miss. 864, 71 So. 12; *Williamsburgh City Fire Ins. Co. v. Lichtenstein* (1916), 164 N.Y.S. 345, 347, 98 Misc. 342, 345-346; *Saunders v. Kastenbines Exr.* (1845), 45 Ky. 17, 6 Monroe 17.

**{¶ 10}** There are cases in which an oral agreement to pay money in installments over a period of time in excess of one year has been found not to be within the Statute of Frauds. In each of these cases, however, the agreement itself provided for the possibility of an early payoff. *Steward v. Sirrine* (1928), 34 Ariz. 49, 56, 267 P. 598, 600 (agreement to make installment payments of "$50 or more per month until the contract was fully paid out" [emphasis *sic*]); *Ware v. Poindexter Furniture & Carpet Co.* (Tex.Civ.App.1935), 88 S.W.2d 718, 720, modified on other grounds (1938), 131 Tex. 568, 117 S.W.2d 420 (agreement to "pay the balance in monthly installments of *not less than* $100 per month until it was finally paid in full" [emphasis added]).

**{¶ 11}** The law is aptly summarized at 37 Corpus Juris Secundum (1943) 566, Statute of Frauds, Section 60:

"*By installments*. A verbal agreement for the payment of money by annual installments for a fixed period of years is within the statute. Likewise the statute applies to an agreement to pay money in monthly, quarterly, or semiannual installments for a period of time longer than a year, or in such amounts as necessarily to require more than a year for the payment of the entire obligation; but if payments are to be made in installments of less than a year, and the time for the

completion of payment is indefinite, the agreement is valid. An agreement to make weekly payments to another person as long as he or she continues to reside in a certain house or abstains from a certain act is not within the statute."

{¶ 12} As explained further in 72 American Jurisprudence 2d, *supra*, 584-585, Statute of Frauds, Section 21:

"Contracts to pay or deposit money may fall within the provision of the statute of frauds applicable to contracts not to be performed within a year, as, for example, in the case of a contract to make deposits in a bank, or the like, which contemplates the making of the last deposit at a period of more than a year. However, in accord with the general rules applicable where time of performance is not fixed, or is dependent upon a contingency, the mere fact that the time for a stipulated payment is indefinite or depends on the happening of a contingency which may or may not happen within a year does not bring the contract within the statute. Thus, where the contract is for the payment of money in installments until the happening of a contingency, if such contingency may happen within a year and will operate as a full performance of the contract, it is not within the statute, as in the case of a contract to pay an annuity during the life of a person which may be fully performed by the death of such person within a year."

{¶ 13} Professor Arthur Corbin succinctly states that "[i]f a promise is so worded that it cannot be fully performed according to its own terms within one year, it is the kind of promise to which the one-year provision may be applicable. This may be so because the promise requires performance until a date more than a year away *** or such a number of periodical performances as total more than a year. ***" Corbin on Contracts, *supra*, 538-539, Section 444.

{¶ 14} Accordingly, we hold that an alleged oral agreement to pay money in installments is "an agreement that is not to be performed within one year" pursuant to R.C. 1335.05 when the installment payment obligation exceeds one year. However, where the time of payment under the agreement is indefinite or

dependent upon a contingency which may happen within one year, the agreement does not fall within the "not to be performed within one year" provision of R.C. 1335.05.

{¶ 15} In this case, the alleged oral agreement provided that appellant would "pay the $3,000.00 debt in monthly installments of $25.00." By its express terms, the agreement necessarily required one hundred twenty months (or ten years) of installment payments. These terms are neither indefinite nor based upon a contingency. The agreement made no provision for the possibility of an early payoff. Having been entirely oral, the agreement violated R.C. 1335.05. Thus, the trial court was correct in denying appellees' motion for leave to file an amended complaint alleging a breach of this oral agreement.

{¶ 16} Accordingly, the decision of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————