OPINION
On March 11, 1998, plaintiff-appellee, Kristina Long, filed this action in the Van Wert County Court of Common Pleas against defendant-appellant, Brent Agler, for money lent to him. The matter was tried to the court on August 25, 1998. At trial, Kristina presented a number of credit card statements in support of her claim. Kristina asserted basically that she had agreed that Brent could use her credit cards and their joint GM credit card as long as he had agreed to pay the charges made. Brent admitted that he had agreed to pay for all of his charges, as specified, but that the other charges presented had not been made by him.
In its judgment entry dated September 1, 1998, the trial court found that there had been a contract between Kristina and Brent whereby Brent agreed to pay for all his charges on said credit cards. The trial court found that the amount of his charges due under the contract was $6,236.57. The court awarded Kristina judgment in the amount of the outstanding debt unpaid of $3,023.57, plus prejudgment interest.
Brent now appeals, raising three assignments of error. For his first assignment of error, Brent asserts:
 The trial court erred as a matter of law in determining that the parties had entered into a contract.
Brent argues that the necessary elements for the creation of a valid contract were not present. He relies on Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations (1991),61 Ohio St.3d 366, in support of his argument. In Episcopal, the Ohio Supreme Court held that in order to declare the existence of a contract, both parties must consent to its terms, there must be a meeting of the minds of the parties, and the contract must be definite and certain. Id., 61 Ohio St.3d at 369 (citations omitted).
The record establishes that the parties in this case had been dating for five years of which they had been engaged for a period of more than one year. Kristina testified basically that she had agreed Brent could make purchases on her credit cards and their joint GM credit card and that Brent had also promised her that he would repay each charge made. Kristina specifically testified about all the purchases that Brent had made and further introduced into evidence a number of credit card statements as proof of the charges he incurred. As well, Brent testified of his intent to pay her for his purchases. However, Brent's testimony disputed some of the charges on the credit cards that Kristina stated he was responsible for repaying to her.
It is well established that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. In this case, the trial court apparently found Kristine's testimony to be more credible, as the court found Brent made charges totaling $6,236.57. Accordingly, the trial court could find that the parties did have an oral agreement as claimed by Kristina. Brent's first assignment of error is therefore overruled.
For his second assignment of error, Brent asserts:
 The trial court erred to the prejudice of the defendant in determining that the statute of frauds did not apply in the instant matter.
Brent contends that the statute of frauds set forth in R.C.1335.05 applied to the alleged oral agreement because it could not be performed within one year, and which, in fact, was not performed within one year. The statute provides in pertinent part that "[n]o action shall be brought whereby to charge the defendant * * * upon an agreement that is not to be performed within one year from the making thereof; unless the agreement * * * is in writing and signed by the party to be charged * * *."
Courts have a long history of giving the "not to be performed within one year" provision a literal and narrow construction. Sherman v. Haines (1995), 73 Ohio St.3d 125, 127. The Ohio Supreme Court summarized this in Sherman at 127 as follows:
 The provision applies only to agreements which, by their terms, cannot be fully performed within a year; and not to agreements which may possibly be performed within a year, thus, where the time for performance under an agreement is indefinite, or is dependent upon a contingency which may or may not happen within a year, the agreement does not fall within the Statute of Frauds. (Citations omitted.)
Further, the court relied upon 2 Corbin on Contracts (1950) 538-539, Section 444, for the proposition that:
 "If a promise is so worded that it cannot be fully performed according to its own terms within one year, it is the kind of promise to which the one-year provision may be applicable. This may be so because the promise requires performance until a date more than a year away * * * or such a number of periodical performances as total more than a year. * * *"
Sherman at 129. Accordingly, the court held that where the time of payment is indefinite or dependent upon a contingency which may happen within one year, the agreement does not fall within the "not to be performed within one year" provision of R.C. 1335.05. Id.
Based upon Kristina's testimony at trial in this case, Brent's promised performance under the agreement arose from his oral promise to repay her which he gave every time he incurred a charge. There was no evidence at trial of any definite term for the agreement between Kristina and Brent. Thus, it was an arrangement which could have been terminated by either party at any time. In addition, Kristina testified that she would inform Brent of the credit card charges as they became due and that Brent would pay at least the minimum monthly payment, if not more. According to Brent, there was no agreement as to the rate of repayment, but that he paid whatever amount he could. Brent admitted, however, that if he had had the money, he could have immediately paid off the charges. These terms are indefinite. Thus, at the time the agreement was made, it could possibly have been performed within a year. The parties' agreement did not violate R.C. 1335.05.
Accordingly, Brent's second assignment of error is overruled.
For his third assignment of error, Brent asserts:
 The trial court erred to the prejudice of defendant finding that the plaintiff was entitled to interest on the amount owed as of the date of the last payment.
Brent's assignment of error relies upon R.C. 1343.03(B) and (C) to maintain that the trial court was required to assess interest from the date of judgment on the ground that a good faith effort to settle the case was a factor in this case.
R.C. 1343.03 provides in pertinent part:
 (A) [W]hen money becomes due and payable upon * * * all verbal contracts entered into * * * the creditor is entitled to interest at the rate of ten percent per annum, except that, if a written contract provides a different rate of interest in relation to the money that becomes due and payable, the creditor is entitled to interest at the rate provided in that contract. (Emphasis added.)
 (B) Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid. (Emphasis added.)
 (C)(1) In addition to the post-judgment interest described in division (B) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties shall be computed from the date the plaintiff gave the defendant written notice in person or by certified mail that the cause of action accrued until the date that the judgment, decree, or order for the payment of money is rendered or from the date the plaintiff filed a complaint to commence the civil action until the date that the judgment, decree, or order for the payment of the money is rendered, whichever time period is longer, if, upon motion of any party to the civil action, the court determines at a hearing held subsequent to the verdict or decision in the civil action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case. (Emphasis added.)
It is clear that R.C. 1343.03(A) governs the award of prejudgment interest in this case. Prejudgment interest under this section should be awarded from the time the amount at issue becomes "due and payable." Ducey v. Crawford (Oct. 14, 1993), Putnam App. No. 12-93-2, unreported at *4. Thus, Kristina was entitled to prejudgment interest pursuant to R.C. 1343.03(A) when the amount owed became "due and payable." The trial court found in favor of Kristina for unpaid charges in the amount of $3,023.57, plus ten percent interest from January 8, 1996. It is undisputed that Brent's final transaction was in the amount of $200 and was entered on the credit card statement on the date the trial court used.
Accordingly, Brent's argument pursuant to R.C. 1343.03(B) and (C) is without merit and this assignment of error is therefore overruled.
The judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.