While I am in complete agreement with the majority's treatment of appellants' second, third, and fifth assignments of error, I respectfully concur in judgment only with its disposition of appellants' fourth assignment of error, and dissent with respect to the first assignment of error.
R.C. 1335.05 provides that "[n]o action shall be brought whereby to charge the defendant * * * upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged * * *." In the past, courts in Ohio have given this provision "a literal and narrow construction." Shermanv. Haines (1995), 73 Ohio St.3d 125, 127. As a result, "[t]he provision applies only to agreements which, by their terms, cannot be fully performed within a year, and not to agreements which may possibly be performed within a year." Id.
As the majority correctly points out, the Supreme Court of Ohio has previously held that "[a]n alleged oral agreement to pay money in installments is `an agreement that is not to be performed within one year' pursuant to R.C. 1335.05 when the installment payment obligation exceeds one year." Sherman at syllabus. Moreover, it is generally accepted that:
 "To fall within the words of the [statute of frauds], therefore, the agreement must be one of which it can truly be said at the very moment that it is made, `This agreement is not to be performed within one year'; in general, the cases indicate that there must not be the slightest possibility that it can be fully performed within one year.
 "It makes no difference how long the agreed performance may be delayed or over how long a period it may in fact be continued. * * * It makes no difference how long the parties expect performance to take or how reasonable and accurate those expectations are, if the agreed performance can possibly be completed within a year. Facts like these do not bring a contract within [the statute of frauds]. * * *" (Footnotes omitted.) Corbin on Contracts (1952) 446-446, Section 444.
In other words, part of the agreed and contracted for performance in an installment loan is the delay of repayment by means of an agreed upon schedule of payments. To the debtor, that consideration would be the obvious advantage of an installment loan over a demand loan. As a result, a true installment loan cannot be paid off early without changing the terms of the contract.
I would agree, therefore, with the majority that an oral loan agreement calling for specified installment payments would usually be a contract which would fall within the statute of frauds. I would also agree with the majority that such an agreement may fall outside the statute of frauds where the time of payment under the agreement is either indefinite or dependent upon a contingency which may happen within one year.Sherman at syllabus.
While the majority recognizes this exception, it nevertheless concludes with little discussion that the instant oral agreement was neither indefinite nor based upon a contingency providing for the possibility of an early payoff. Therefore, it concludes that, without the judicial admissions regarding the loan's existence, the instant oral installment loan would have been subject to the statute of frauds.
After looking at the record in the case at bar, I cannot agree with this conclusion. The record reflects that the trial court correctly found that the original oral agreement provided that appellants would pay $200 per month for one hundred months. Shortly thereafter, it appears that the parties verbally modified their agreement in order to allow appellants to reduce or skip payments when necessary so long as the difference was made up later.
Thus, this mutually agreed to modification changed the definite terms of repayment to indefinite terms of repayment. Such a change resulted in a contract which was no longer restricted by the statute of frauds.[1]
See Long v. Agler (June 8, 1999), Van Wert App. No. 15-98-19, unreported, at 6, 1999 Ohio App. LEXIS 2571; Coriell v. Estate of McGraw
(Nov. 19, 1996), Scioto App. No. 95 CA 2396, unreported, at 9, 1996 WL 677030. Further, and most importantly, it resulted in an installment loan being transformed into a demand loan which did not require an anticipatory breach or an acceleration clause in order for the creditor to demand payment of the whole amount.
Thus, I not only disagree with the majority's conclusion with respect to its analysis of the application of the statute of frauds, but, I also disagree with its ultimate decision to hold appellants liable only for the missed payments instead of the entire balance owed. That conclusion could only be maintained if this contract were in fact an installment contract, resulting in a separate cause of action for each breach. EdenRealty Co. v. Weather-Seal, Inc. (1957), 102 Ohio App. 219; Gen. Dev.Corp. v. Wilbur-Rogers Atlanta Corp. (1971), 28 Ohio App.2d 35.[2]
However, as already discussed, this is not an installment loan. Thus, the multiple breach, multiple cause of action theory is not applicable to the facts of this case. As was previously noted, the subsequent modification by the parties changed the character of the original installment loan to that of a loan of an indefinite nature; i.e., a demand loan. A demand loan can be called due at any time. The trial court was, therefore, correct in awarding the entire amount of the loan balance, and I would also affirm this aspect of its decision.
For these reasons, I respectfully concur in judgment only with regard to the fourth assignment of error, and I dissent with respect to the first assignment of error.
 ____________________ CHRISTLEY, J.
[1] Obviously, by allowing appellants to reduce or miss payments virtually guaranteed that the entire amount of the loan would not be paid back within one year. Nonetheless, all that is required for an agreement to be taken out of the statute of frauds is that there be a possibility, however slight, that it could be fully performed within one year. Corbin, supra.
[2] Under the normal circumstances of a written loan or promissory note, the parties can avoid the operation of this rule by including an acceleration clause in their contract whereby the parties agree that in the event the debtor defaults, the entire obligation becomes due. Of course, that was not the case here.