This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Gerald and James Feeman, appeal the decision of the Summit County Court of Common Pleas awarding appellee, Cindy Minear ("Minear") damages in the amount of $24,955. We affirm.
 I.
On April 26, 1999, Minear filed a complaint against the Feemans alleging they owed her $30,000. While employed by Gerald at one of his dry cleaning businesses, Minear and Gerald entered into discussions regarding Minear's interest in owning her own dry cleaning business. After several conversations, Gerald assisted Minear in securing a $35,000 mortgage on her home. Minear deposited $30,000 into the partnership account and signed a signature card for that account.
Minear asserts that the Feemans failed to repay her loan to the partnership and failed to make her a one-third partner. The case proceeded to a jury trial on June 1, 2000. The trial court awarded $24,955 in damages to Minear. This appeal followed.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) OF THE OHIO RULES OF CIVIL PROCEDURE AND OHIO REVISED CODE SECTION 1335.05.
In their first assignment of error, the Feemans argue that the trial court erred in denying their motion for a judgment on the pleadings. Specifically, the Feemans assert that Minear's claim is barred by R.C.1335.05. We disagree.
Civ.R. 12(C) provides "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, and the same standard of review is applied to both motions. Gawloski v. Miller Brewing Co. (1994),96 Ohio App.3d 160, 163.
The trial court's inquiry is restricted to the material allegations in the pleadings, and the court may not consider any evidentiary materials.Id; Conant v. Johnson (1964), 1 Ohio App.2d 133, 135. Furthermore, the trial court must accept material allegations in the pleadings and all reasonable inferences as true. Gawloski, 96 Ohio App.3d at 163. A reviewing court will reverse judgment on the pleadings if the plaintiff can prove any set of facts, which will entitle her to relief. Id.
In the present case, the trial court had before it Minear's complaint, the Feemans' answer and their amended answer. In Minear's complaint, she alleged the Feemans owed her $30,000 for repayment of a loan that she made to JEF.[1] Minear asserts that Gerald said "that if she would make said loan to the partnership, not only would the partnership repay the loan in monthly installment payments, but she would be given a one third interest in the dry cleaning establishment owned by the partnership[.]"
The Feemans' amended answer asserts that the statute of frauds bars Minear's claim because it is based on an oral agreement. R.C. 1335.05
provides in pertinent part:
 [n]o action shall be brought whereby to charge the defendant * * * upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.
The Feemans point to the following language of Minear's complaint "on or about December of 1993, the partnership began making installment repayments as agreed in the monthly amount of approximately $575.00." The Feemans allege that pursuant to this repayment schedule, the agreement would not be performed within one year from the making thereof. See R.C.1335.05.
"An alleged oral agreement to pay money in installments is `an agreement that is not to be performed within one year' pursuant to R.C.1335.05 when the installment payment obligation exceeds one year."Sherman v. Haines (1995), 73 Ohio St.3d 125, syllabus. Such an agreement falls outside of the statute where the time of payment under the agreement is indefinite or dependent upon a contingency, which may happen within one year. Id.
After a careful review of the pleadings, we cannot say that the trial court erred in denying the Feemans' motion for judgment on the pleadings. The material allegations in the pleadings fail to establish that the agreement between the parties contained a definite installment payment obligation; therefore, the agreement is outside the statute of frauds. See id. The Feemans' first assignment of error is overruled.
 III.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR A DIRECTED VERDICT PURSUANT TO RULE 50(A) OF THE OHIO RULES OF CIVIL PROCEDURE AND OHIO REVISED CODE SECTION 1335.05.
In their second assignment of error, the Feemans argue that the trial court erred in denying their motion for a directed verdict at the close of Minear's evidence.
In Chemical Bank of New York v. Neman (1990), 52 Ohio St.3d 204, 206, the Ohio Supreme Court held that "a motion for directed verdict which is denied at the close of the plaintiff's evidence must be renewed at the close of all evidence in order to preserve the error for appeal." Absent such renewal, a defendant waives its right to appeal the denial of the motion for directed verdict. Id. at 207; see, also, Helmick v.Republic-Franklin Ins. Co. (1988), 39 Ohio St.3d 71, paragraph one of the syllabus.
In the present case, the Feemans failed to renew their motion for directed verdict after the close of all the evidence. Accordingly, the issue is waived and we need not consider it. The Feemans' second assignment of error is overruled.
 IV.
Having overruled both assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
BATCHELDER, P.J., CARR, J. CONCUR.
[1] The record reflects that JEF is a general partnership that operates several dry cleaning businesses. Gerald and James are the only two partners in JEF.