OPINION
{¶ 1} Defendant-appellant Greg Maston appeals the decision of Mahoning County Court No. 2 which entered judgment in favor of plaintiff-appellee Attorney Matthew Giannini for unpaid attorney fees and dismissed appellant's counterclaim. The sole assignment of error mainly concerns weight of the evidence, but various ancillary matters are also raised under this assignment. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On October 23, 2002, Attorney Matthew Giannini filed a small claims complaint against his former client, appellant Greg Maston, for $2,500 in allegedly unpaid attorney fees with interest since April 28, 2000 and costs. Appellant filed a counterclaim wherein he asked for $500 in wages and $2,500 in attorney fees with interest since April 1, 2002 and costs. A hearing was held on April 23, 2002 where both parties testified. On May 3, 2002, the trial court entered judgment in favor of Attorney Giannini in the amount desired and dismissed appellant's counterclaim.
 {¶ 3} Appellant filed timely notice of appeal. As Attorney Giannini points out in a statement that he (as the appellee) erroneously calls an "assignment of error," the notice of appeal is deficient. Although, as he concedes, it is not jurisdictionally deficient. Pursuant to App. R. 3(D), the notice of appeal shall designate the judgment appealed from and name the court to which the appeal is taken. The notice of appeal filed by appellant does neither. However, even if we excuse these transgressions, this appeal suffers other problems.
 {¶ 4} On the same date that appellant filed his notice of appeal, he filed a pro se request for the proceedings to be transcribed. The transcript was untimely filed in this court at the same time appellant's brief was filed on September 13, 2002. However, a transcript was timely requested and eventually filed. Thus, we will deny Attorney Giannini's motion to dismiss, and we will review the transcript rather than presuming the regularity of the proceedings below as we would in a case where no transcript was filed. In reviewing this transcript, we note the following facts.
 {¶ 5} Attorney Giannini testified that he represented appellant in a theft case and then a DUI case in the spring of 1996. He claimed that appellant paid him for the theft representation, but never paid the fee for the DUI. Attorney Giannini explained that he filed a request for discovery and for a bill of particulars and a motion for occupational driving privileges on appellant's behalf. (Tr. 11). He also filed a motion to dismiss appellant's DUI on July 2, 1996. (Tr. 6). Such motion was granted at an unspecified date in the future by the trial court based upon a prior double jeopardy decision in our court, which was later overturned by the Ohio Supreme Court in State v. Gustafson (1996),76 Ohio St.3d 425. Attorney Giannini sent appellant a bill for $2,500 on January 28, 2000. As explanation for the late billing date, Attorney Giannini claimed that much confusion existed regarding the many cases that were stayed pending the Gustafson decision. (Tr. 8-10).
 {¶ 6} Appellant testified on his own behalf; however, his testimony was confusing. As for his counterclaim, he set forth no evidence regarding the $500 in wages that he claimed. As for the $2,500 he sought in attorney's fees, it seems that this is how much a friend of his was going to charge him to help him defend this case. (Tr. 15-16). In defense of the case against him, appellant claimed that he "paid him everything." He focused on the fact that the bill from January 28, 2000 stated that it was current and not past due by any of the pre-printed late periods. See Joint Exhibit 1. He then argued that plaintiff failed to produce a written agreement and was barred by the statute of limitations. However, as noted, the court ruled against him.
 ASSIGNMENT OF ERROR {¶ 7} Appellant's sole assignment of error provides:
 {¶ 8} "The court erred in finding that judgment was due Matthew Giannini and/or the court's decision was not based on reliable probative and substantial evidence and contrary to Ohio law."
 {¶ 9} Appellant outlines multiple unrelated contentions under this assignment of error. We use the word "outlines" because although at least six issues are presented, the argument section of his brief is less thanone page long. Moreover, the issues are mostly unrelated to each other and thus should not be placed under the same assignment of error. This brief also fails to cite to any law with the exception of R.C. 1925.17, which is wholly irrelevant as will be seen below. Thus, we find that appellant's brief fails to comply with App. R. 16(A). Even if we exercise our discretion to review each of appellant's abbreviated arguments, we conclude infra that his arguments are without merit. See App. R. 12(A)(2).
 {¶ 10} At one point, appellant makes a stilted and incomprehensible argument about a corporate litigant, stating that the case was brought under R.C. 1925.17. It appears that he pulled this cite out of the summons he received. This summons contains boilerplate language warning corporate defendants that they must be represented by an attorney in order to cross-examine, argue, and engage in other acts of advocacy. There is no indication that a corporation is involved. Regardless, plaintiff is an attorney himself, not to mention the fact that he was represented by another attorney. Hence, this argument is absolutely meritless.
 {¶ 11} Appellant mentions that the trial court's failure to rule on his motion for summary judgment demonstrates a predisposition toward Attorney Giannini. This argument is without merit as well. Firstly, the failure to rule on summary judgment and the subsequent entering of actual judgment is a denial of summary judgment. Further, appellant's so-called motion for summary judgment was not presented until the trial was over where he presented closing arguments and concluded by saying, "So my summary is to make a summary judgment for me." Summary judgment is a pre-trial procedure made as a matter of law in a case where there exists no genuine issues of material fact. Civ. R. 56(C). In this case, the court heard trial testimony and was presented with evidence. There were genuine issues of fact which the court was obligated to rule on in an actual judgment, not a summary judgment.
 {¶ 12} Appellant makes an argument concerning the trial court's decision to quash a subpoena that he served upon an assistant county court prosecutor. As background, upon filing his counterclaim the week before trial, appellant filed a handwritten request for subpoenas to be issued to plaintiff duces tecum, to assistant county prosecutor John Ausnehmer, and to another witness. On April 18, 2002, Attorney Ausnehmer filed a motion to quash the subpoena on various grounds. First, he stated that he had no recollection of appellant before being involved in a recent DUI case which was scheduled for trial at the end of April or the beginning of May 2002. On this note, he advised that he believed that appellant subpoenaed him to harass him or to create a conflict in order to postpone his jury trial in another case which has been pending since July 2000. Attorney Ausnehmer also noted that he is involved in a civil suit in Trumbull County for which a non-continuable deposition was scheduled in Warren on the day of appellant's small claims trial. Alternatively, Attorney Ausnehmer stated that he could make himself available for deposition on April 18, 19, or 20, 2002, if defendant's motive is benign. Lastly and also alternatively, he noted that the small claims case could proceed as scheduled but could be held in abeyance pending his availability to testify. The court granted the motion to quash the subpoena.
 {¶ 13} Appellant now claims that the quashing denied him the opportunity to prove his case. In relation to this argument, appellant also contends that he should have been granted a continuance in order to secure this testimony. Firstly, the mention of a continuance at trial refers to a desire for more time so his friend, who is an attorney, can represent him at trial in order to cause him to spend money in attorney fees so that he can make his counterclaim for attorney fees; this is an exercise in circular logic. (Tr. 18). Regardless, no mention of a continuance was made until the end of appellant's testimony, after plaintiff had already testified. Further, appellant did not proffer the testimony that he hoped to present from the assistant prosecutor, who claims to remember nothing about the defendant and his past DUI. Finally, he does not explain on appeal how he was prejudiced, i.e. how the quashing was outcome determinative.
 {¶ 14} As for any suggestions that the statute of limitations has run, we point appellant to the statute of limitations for oral contracts or other contracts imposed by implication. Under R.C. 2305.07, a contract not in writing, express or implied, shall be brought within six years after the cause of action accrued. According to undisputed testimony, this suit was commenced within six years of the making of the fee agreement. (Tr. 6-7). Thus, we need not analyze when the cause of action accrued (which would only work in Attorney Giannini's favor as the accrual date computation may push the statute of limitations start date past the date of the agreement).
 {¶ 15} Next, appellant complains that Attorney Giannini never produced a written contract. However, this type of contract for services does not fall under the statute of frauds. See, e.g., R.C. 1302.04,1310.08, 1335.04, 1335.05. An oral contract is permissible in general and not in violation of any statute of frauds. See R.C. 2305.07; 1335.05;Sherman v. Haines (1995), 73 Ohio St.3d 125 (noting that the "not to be performed within one year" time period in R.C. 1335.05 does not include cases where the time is indefinite or dependent on a contingency which may occur within one year; rather, the contract must be incapable of performance within one year). Moreover, contracts for services are often implied in restitution or unjust enrichment causes of action. We also note that although a contingency fee agreement must be in writing, there is no such requirement for a flat fee agreement. R.C. 4705.15. See, also, DR 2-106(C) (an attorney shall not charge a contingent fee in a criminal case). As such, the mere fact that the alleged fee agreement was unwritten is not a bar to plaintiff's action.
 {¶ 16} Appellant then contends that $2,500 is an excessive fee that is above the usual and customary charge at that time. Although the ethical considerations state that an attorney should charge a reasonable fee, the disciplinary rules merely prohibit charging a clearly excessive fee. DR 2-106(A), (B); E.C. 2-16, 2-17. Where an amount is agreed upon such as alleged in this case, there is no reasonableness evaluation as there would be in a case where an hourly fee is the only amount agreed upon and the client later contests the amount of hours spent. See, e.g.,Reminger Reminger Co., L.P.A. v. Fred Siegel Co., L.P.A. (Mar. 1, 2001), 8th Dist. No. 77712. Regardless, appellant presented no evidence on the value of the services or lack thereof. In fact, appellant failed to present this argument as a defense at trial. Instead, he argued that he did not owe any money and/or that he paid already.
 {¶ 17} As for any general weight of the evidence argument, we note that the trial court was in the best position to weigh the evidence and judge the credibility of the parties. The trial court was able to evaluate the party-witnesses' voice inflection, demeanor, and gestures.Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80. Appellate courts give every reasonable presumption in favor of the trial court's factual findings. Shemo v. Mayfield Heights (2000),88 Ohio St.3d 7, 10. If a rendition of an event is susceptible to more than one interpretation, we cannot substitute our judgment for that of the trial court. Gerijo, Inc. v. Fairfield (1994), 70 Ohio St.3d 223,266. We will not reverse a civil judgment as being against the weight of the evidence if there is competent, credible evidence in support of each required point of the case. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 18} In conclusion, the existence of the fee agreement, its terms, and its non-payment are matters for the trial court to determine.Kostoglou v. Midkiff Ent., Inc. (Nov. 6, 2001), 7th Dist. No. 01CA23. The trial court is permitted to use its fact-finding processes to consider what weight to place on all facts, words or silence, acts or omissions, conduct, and circumstances. Id. Based upon the evidence presented in this small claims case and the aforementioned appellate court restrictions, we cannot say that the trial court's judgment was against the manifest weight of the evidence. As such, this argument is overruled. Likewise, this entire assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, P.J., and DeGenaro, J., concur.