CHARLES CARROLL, Associate Judge.
This appeal is by the plaintiff below from an order dismissing her amended complaint as to Abe Rosin, one of the defendants.
The appellant sued Abco Construction Company, Inc., and Abe Rosin to collect the unpaid balance on a matured promissory note for $24,000.00, made and delivered to the plaintiff by Abco. In a first count the amended complaint alleged the making and delivery of the note by Abco, of which Abe Rosin was the president; that the note was past due and unpaid, and there was due thereon $24,000.00 with interest at the rate of 10% per annum from a certain date, less $1,700.00 of interest which had been paid.
In a second count the amended complaint alleged that “After the note had matured, the defendant Abe Rosin sought and obtained from the plaintiff an oral agreement that plaintiff forego collection of the sum due and owing on the defendant Abco Construction Company’s note in exchange for the defendant, Abe Rosin’s promise to personally pay the debt in monthly installments”; that Rosin had made seven such payments totaling $1,700.-00; that subsequent to a certain date Rosin had failed to make further payments ; and that there was due from Rosin the said sum of $24,000.00 with interest, less $1,700.00 theretofore paid by him.
Rosin moved to dismiss the amended complaint as to him, on the ground that as a promise to pay the debt of another, and as an agreement not to be performed with *282 in a year, his alleged oral undertaking was unenforceable under the statute of frauds, § 725.01 Fla.Stat., F.S.A. The motion to dismiss was granted, and an order was entered dismissing the cause with prejudice as to Rosin.
The appellant concedes that a complaint can be dismissed on a motion to dismiss, based on the statute of frauds, where the applicability of the statute appears with certainty from the complaint, citing Martin v. Highway Equipment Supply Company, Fla.App.1965, 172 So.2d 246.[1]
However, the appellant contends dismissal of the defendant Rosin was error for lack of certainty that Rosin’s oral promise was within the statute of frauds. In support thereof appellant points to the fact that the amended complaint shows Rosin’s oral promise, made after the Abco note had matured, was given in return for a promise of the payee to forbear action on the note. The appellant argues that if it should be established on proof that after maturity of the Abco note the defendant Rosin made an independent promise to pay the amount thereof for a valuable consideration (forbearance in this instance), his oral promise would be enforceable. That contention of the appellant appears to have some support in the law. See Harvey v. Bank of Center Hill, 83 Fla. 55, 90 So. 699; Bensam Corp. v. Felton, Fla.1953, 63 So.2d 278; Larnel Builders, Inc. v. United States Concrete Pipe Co., Fla.App.1960, 117 So.2d 438; Troup Brothers, Inc. v. State, Fla.App. 1961, 135 So.2d 755.
Assuming, without so deciding, that Rosin’s alleged oral promise was not unenforceable under § 725.01 Fla.Stat., F.S.A. as an oral promise to answer for the debt of another person, the amended complaint sufficiently showed that Rosin’s oral agreement was one that was not to be performed within the space of one year from the making thereof, for which reason action thereon was barred by § 725.01. While the size or amount of the installments to be paid by Rosin was not stated in the amended complaint, from the allegation that the seven monthly installments which were paid totaled $1,700.00, it was apparent the monthly installments were such that approximately eight years would be required for such payments to discharge the principal of the obligation, aside from the interest.
Accordingly, the order appealed from is affirmed.

. In Martin the appellate court affirmed an order which dismissed a complaint declaring on an oral lease, as being unenforceable under the statute of frauds applicable thereto, § 725.01 Fla.Stat., F.S.A. In the opinion in that case the court quoted from 2 Moore’s Federal Practice, 2d Ed., § 12.08, p. 2245, including the following “ ‘But a claim should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim’ ”.