(September 23, 1996)

■ PHILIP T. AMICO, Appellant, v GRAPHIC ARTS LEASING, LTD., et al., Respondents. [647 NYS2d 815] —In an action to recover damages, *inter alia,* for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), entered May 5, 1995, which granted the defendants' motion for summary judgment dismissing the complaint based on the Statute of Frauds.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contentions, the court properly granted the defendants' motion for summary judgment dismissing his causes of action based upon an alleged oral contract. A review of the record demonstrates that while the parties had clearly reached an agreement pursuant to which the plaintiff was paid $100,000 in exchange for his shares in Graphic Arts Leasing, Ltd., the parties had never reached agreement as to the remaining terms of the alleged severance package. Indeed, the correspondence and other documents in the record demonstrate that the parties had engaged in extensive negotiations but were unable to reach agreement on the additional terms.

One of the terms of the alleged oral agreement was a promise by the defendant Sequa Financial Corporation to pay the plaintiff a fee of one-half percent of the total equipment cost involved in certain leasing transactions over a five-year period. The inclusion of this term establishes that the alleged agreement could not be performed within one year, and consequently is within the Statute of Frauds requirement that it be in writing *(see, Bayside Health Club v Weidel,* 170 AD2d 474).

The writings relied upon by the plaintiff to establish the alleged agreement are insufficient to satisfy the Statute of Frauds. These documents, including the defendants' answer to the complaint, and an unsigned letter submitted to the plaintiff by the defendants, do not establish that the agreement alleged by the plaintiff was ever made, as the letter contains terms substantially varying from the agreement alleged in the complaint. Although signed and unsigned writings may be read together to satisfy the Statute of Frauds so long as they "sufficiently evidence[ ] the contract actually made" *(Friedman & Co. v Newman,* 255 NY 340, 343; *see also, Zucker v Katz,* 708 F Supp 525, 531), " '[i]t is not sufficient that the note[s] or memorand[a] may express the terms of a contract' ", they must " 'completely evidence the contract which the parties made' " *(Friedman & Co. v Newman, supra,* at 343). If they " 'establish[ ] that there was a contract in terms and conditions different from that which the parties entered into, [they] fail[ ] to comply with the statute' " *(Friedman & Co. v Newman, supra,* at 343). The documents relied upon here fail to satisfy these requirements. Moreover, the plaintiff specifically rejected the terms contained in the unsigned letter, claiming that the terms were unacceptable, further establishing that no agreement was reached.

The plaintiff has not established that the alleged partial performance by the defendants was " 'unequivocally referable' " to the agreement, such that it would remove the agreement from the Statute of Frauds *(Anostario v Vicinanzo,* 59 NY2d 662, 664).

The plaintiff further argues that the court erred in determining the motion for summary judgment pursuant to General Obligations Law § 5-701, as the alleged agreement was for the sale of securities, and should be governed by Uniform Commercial Code § 8-319. However, this argument may not be raised for the first time on appeal *(see, ICS/Executone Telecom v Performance Parts Warehouse,* 171 AD2d 1066; *see also, Devlin v Video Servs. Acquisition,* 188 AD2d 370). In any event, the plaintiff's arguments must fail for primarily the same reasons the arguments under General Obligations Law § 5-701 fail. The signed and unsigned writings contain terms which differ from the terms which the plaintiff's complaint alleges were agreed upon *(see, Kobre v Instrument Sys. Corp.,* 54 AD2d 625, *affd* 43 NY2d 862; *APS Food Sys. v Ware Foods,* 70 AD2d 483). Moreover, the plaintiff rejected the terms contained in the unsigned writing, thus undermining his present contentions that an agreement had been reached. Under either statu-

tory provision, the writings are insufficient to establish that the parties had truly reached an agreement as to the essential terms of the alleged severance package. Therefore, under either theory, the defendants were entitled to summary judgment.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur.