(April 13, 1998)

■ A. AVERSA BROKERAGE, INC., et al., Respondents, v HONIG INSURANCE AGENCY, INC., et al., Appellants. [671 NYS2d 135] —In an action, *inter alia,* to recover damages for breach of an oral contract relating to the sale of an insurance business, the defendants appeal from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated January 24, 1997, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied those branches of the motion for summary judgment which were to dismiss the first through fourth causes of action and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

The defendant Howard Honig entered into negotiations with the plaintiff Arlene Aversa for the sale of the insurance business owned by A. Aversa Brokerage, Inc. However, after Honig had performed a "due diligence" examination of the insurance files which had been delivered to him by the plaintiffs, he discovered, *inter alia,* that Aversa had been conducting business without a broker's license since 1987, when she was convicted of two counts of grand larceny in the second degree (*see, People v Aversa,* 156 AD2d 371). Honig thereupon terminated negotiations and no written agreement was ever signed by the parties. Although Honig attempted to return the files to Aversa, she refused to accept them, and he delivered the files to the New York State Department of Insurance.

Aversa commenced an action against Honig and his brokerage firm alleging, in the first four causes of action, breach of contract, fraud, conversion, and unjust enrichment, claiming that the parties had completed negotiations and reached an oral agreement and that delivery of her files to Honig constituted her full performance of the contract. Aversa further alleged, in a fifth cause of action, that Honig had made defamatory statements to some of her clients. The Supreme Court denied the defendants' motion for summary judgment.

General Obligations Law § 5-701 requires that an agreement must be in writing if, by its terms, it cannot be performed within one year from its making. The alleged oral agreement here required the balance of the purchase price to be paid in 30 monthly installments, and, therefore, it could not be performed within one year (*see, North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171; *Weitz v Smith,* 231 AD2d 518; *Amico v Graphic Arts Leasing,* 231 AD2d 596; *Bayside Health Club v Weidel,* 170 AD2d 474), and was, therefore, void since it was not in writing. Moreover, Aversa's delivery of the files did not constitute part performance of an oral agreement sufficient to remove the agreement from the Statute of Frauds, since her action was not unequivocally referable to the alleged terms of the sale (*see, Anostario v Vicinanzo,* 59 NY2d 662, 664). Under the circumstances, the Supreme Court erred in denying summary judgment to the defendants dismissing the first four causes of action relating to the alleged oral contract.

However, the defendants' motion failed to address the fifth cause of action sounding in defamation. Accordingly, the branch of the motion seeking summary judgment dismissing that cause of action was properly denied. Pizzuto, J. P., Santucci, Joy and Friedmann, JJ., concur.