*517 In a proceeding pursuant to SCPA 2105, the petitioner appeals from a decree of the Surrogate’s Court, Westchester County (Scarpino, S.), dated September 20, 2002, which, inter alia, granted the motion of Philip C. Potter, Jr., executor of the estate of Emily Potter Morse, for summary judgment dismissing the petition.
Ordered that the decree is affirmed, with costs payable by the petitioner personally.
The petitioner alleges that by an oral agreement between her and the decedent and her father, Forbes Morse (hereinafter Forbes), she agreed to convey a certain property to the decedent and Forbes for $60,000 on condition that they would devise the property to her. Forbes died leaving the property to the decedent. The decedent added two codicils to her will shortly before her death which changed the devise of the property from the petitioner to relatives of the decedent. The petitioner seeks to have the executor of the decedent’s estate give her the proceeds from the sale of the property. The Surrogate’s Court granted the executor’s motion for summary judgment dismissing the petition on the ground that the statute of frauds (see EPTL 13-2.1 [a] [2]) bars enforcement of the alleged oral promise. We affirm.
A contract to bequeath property or to make a testamentary provision must be in writing to be enforceable • (see EPTL 13-2.1 [a] [2]; Dombrowski v Somers, 41 NY2d 858 [1977]). Further, a promise to refrain from altering an existing will must be reduced to a writing (see Rubin v Irving Trust Co., 305 NY 288 [1953]).
The executor made a prima facie showing of entitlement to summary judgment. In opposition, the writings submitted by the petitioner as evidence of the alleged promise were insufficient to raise a triable issue of fact as to the existence of the promise (see Rubin v Irving Trust Co., supra at 297-300; Amico v Graphic Arts Leasing, 231 AD2d 596 [1996]; Oursler v Armstrong, 10 NY2d 385 [1961]; cf. Matter of Urdang, 304 AD2d 586 [2003]). Further, the testimony relied upon by the petitioner did not amount to a confirmation of the relevant terms of the agreement (see Rubin v Irving Trust Co., supra; Hamlin v Stevens, 177 NY 39, 50 [1903]).
*518 Moreover, the petitioner did not establish that her conveyance of the property to Forbes and the decedent for $60,000 was a partial performance “unequivocally referable” to the..alleged oral promise such that it removed the agreement from the statute of frauds (Anostario v Vicinanzo, 59 NY2d 662, 664 [1983]). Accordingly, the Surrogate’s Court properly granted the executor’s motion for summary judgment dismissing the petition. Santucci, J.E, Luciano, Schmidt and Cozier, JJ., concur.