2012 ND 199

Jon KOHANOWSKI, Plaintiff
and Appellee

v.

Jessica B. BURKHARDT, Defendant
and Appellant.

No. 20110317.

Supreme Court of North Dakota.

Sept. 25, 2012.

Tyler S. Carlson (argued) and Michael L. Gust (on brief), Fargo, N.D., for plaintiff and appellee.

Jonathan T. Garaas, Fargo, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Jessica Burkhardt appealed from a district court judgment awarding damages to Jon Kohanowski for the unpaid balance of a loan and ordering Burkhardt to pay costs and attorney fees. We reverse, concluding the alleged oral loan agreement was barred by the statute of frauds.

I

[¶ 2] Burkhardt was engaged to marry Shaun Kohanowski, Jon Kohanowski's brother. In 2006, Shaun Kohanowski and Burkhardt were planning to purchase a home. Shaun Kohanowski contacted Jon Kohanowski, who agreed to lend $10,000 to assist in the purchase of the home. Jon Kohanowski alleged that Burkhardt was in the room and overheard Shaun Kohanowski's side of the telephone conversation during which the brothers discussed the loan.

[¶ 3] Jon Kohanowski contends the terms of the loan required Burkhardt and Shaun Kohanowski to repay the $10,000 in 36 monthly payments over a period of three years with interest at the rate of 7.5 percent per annum. Jon Kohanowski testified the monthly payments would be smaller the first year and would increase by $100 each year:

> It was over 3 years and so it was—the payments were smaller to begin with and then gradually got bigger.

> The payments of 12, 12, 12; $215.00 one year, 315 a month the next year and 415. It was very straightforward.

[¶ 4] Jon Kohanowski wired $675 to Shaun Kohanowski's and Burkhardt's bank to start the appraisal process and sent a check for $9,325 payable to Shaun Kohanowski and Burkhardt. Only Shaun Kohanowski endorsed the check, and he deposited the proceeds into a joint checking account he shared with Burkhardt. In early 2007, Burkhardt signed two checks for $215 each drawn on the joint account and payable to Jon Kohanowski. Burkhardt and Shaun Kohanowski subsequently called off their engagement, and no further payments were made on the loan. In September 2010, Shaun Kohanowski e-mailed a "Letter of Intent" to Jon Kohanowski acknowledging the debt, promising to pay one-half of the remaining debt with interest, and promising to assist Jon Kohanowski in collecting the remaining one-half of the debt from Burkhardt.

[¶ 5] In October 2010, Jon Kohanowski sued Burkhardt in small claims court for one-half of the remaining debt and a portion of the travel costs he had allegedly incurred attempting to collect the debt. Burkhardt removed the action to district court and demanded a jury trial. After a

trial, the jury awarded Jon Kohanowski $6,641.29, one-half of the remaining debt plus interest. Burkhardt moved for judgment as a matter of law, a new trial, or relief from the judgment. The district court impliedly denied Burkhardt's motions, instead entering an order awarding Jon Kohanowski costs and attorney fees under N.D.C.C. § 27–08.1–04 in the amount of $5,615.65. Judgment was entered in favor of Jon Kohanowski for $12,256.94.

[¶ 6] The small claims court had jurisdiction under N.D.C.C. § 27–08.1–01. The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 7] Burkhardt contends the alleged oral agreement is barred by the statute of frauds.

[¶ 8] The relevant statutory provision is N.D.C.C. § 9–06–04(1):

> The following contracts are invalid, unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged, or by the party's agent:
>
> 1. An agreement that by its terms is not to be performed within a year from the making thereof.

There is no written note or memorandum of the alleged agreement. Burkhardt therefore contends that the alleged oral agreement specifying 36 monthly installment payments over three years was, by its terms, not to be performed within one year and is barred by N.D.C.C. § 9–06–04(1). Jon Kohanowski contends that because Burkhardt and Shaun Kohanowski could have conceivably paid off the loan within one year, the agreement was capable of being performed within one year and therefore does not fall within the statute of frauds.

[¶ 9] Jon Kohanowski argues that under our caselaw, only oral contracts that are *impossible* to perform within one year are proscribed by N.D.C.C. § 9–06–04(1). *See Thompson v. North Dakota Workers' Comp. Bureau*, 490 N.W.2d 248, 251–52 (N.D.1992); *Delzer v. United Bank of Bismarck*, 459 N.W.2d 752, 754 (N.D.1990); *In re Estate of Starcher*, 447 N.W.2d 293, 297 (N.D.1989); *Bergquist–Walker Real Estate, Inc. v. William Clairmont, Inc.*, 333 N.W.2d 414, 418 (N.D.1983). In particular, Jon Kohanowski relies upon the following language from *Bergquist–Walker*, at 418 (citation omitted):

> If there is any possibility that an oral contract is capable of being completed within one year, the contract is not within the statute of frauds even though it is clear that the parties may have intended and thought it probable that the contract would extend over a longer period, and even though the contract does so extend. Thus the contract must be *impossible* of performance within one year if it is to be proscribed by the statute.

*See also Delzer*, at 754. Thus, in *Bergquist–Walker*, at 418, the Court held that an oral contract giving a real estate agent the exclusive right to sell certain lands could possibly have been completed within one year and was not barred under N.D.C.C. § 9–06–04(1). Similarly, the Court held in *Delzer*, at 754, that an oral agreement for a line of credit for the purchase of cattle could possibly be completed within one year and was not barred by N.D.C.C. § 9–06–04(1), because there was a possibility, "[h]owever unlikely," that "the Delzers would obtain the money, purchase livestock, and then sell either assets

or the cattle to repay the full amount of the loan within one year."

[¶ 10] Later cases applying N.D.C.C. § 9–06–04(1) have more carefully emphasized the precise language of the statute and have stressed that the statute applies to any oral contract that *by its terms* is not to be performed within one year. *See Knudson v. Kyllo*, 2012 ND 155, ¶ 16, 819 N.W.2d 511 (oral agreement allocating partnership's leased farmland for "each year" after the effective date of the agreement could not be performed within one year "[u]nder those terms"); *Rickert v. Dakota Sanitation Plus, Inc.*, 2012 ND 37, ¶ 10, 812 N.W.2d 413 (N.D.C.C. § 9–06–04(1) "applies to any contract which by its express terms cannot be fully performed within one year"); *First State Bank of Goodrich v. Oster*, 500 N.W.2d 593, 597 (N.D.1993) (oral agreement to loan funds to purchase cattle each year for three years "is an agreement which *by its express terms* is not to be performed within one year"). This Court in *Oster*, at 596–97, expressly distinguished *Delzer*, noting that it was not impossible in that case to fully perform the line of credit agreement within one year "under the terms of the agreement."

[¶ 11] The language of N.D.C.C. § 9–06–04(1) is clear and unambiguous and applies to an agreement that "by its terms is not to be performed within a year." *Bergquist–Walker* and *Delzer* both involved broad, open-ended agreements that did not include express terms specifying a time of performance. Thus, the agreements in those cases were capable of being performed within one year *under the express terms* of the agreements. When an oral agreement includes express terms setting specific times for performance extending beyond one year from the date of the agreement, however, it is not an agreement capable of being performed "by its

terms" within one year, and it is barred by the statute of frauds. *See Knudson*, 2012 ND 155, ¶ 16, 819 N.W.2d 511; *Rickert*, 2012 ND 37, ¶ 10, 812 N.W.2d 413; *Oster*, 500 N.W.2d at 597.

[¶ 12] This interpretation of N.D.C.C. § 9–06–04(1) is consistent with the well-settled general rule that an alleged oral agreement to pay money in installments for a period extending longer than one year, and which does not include express terms governing prepayment, is barred by the statute of frauds. *See, e.g., Learning Works, Inc. v. The Learning Annex, Inc.*, 830 F.2d 541, 544 (4th Cir.1987) (applying Maryland law); *Rochester Civic Theatre, Inc. v. Ramsay*, 368 F.2d 748, 755 (8th Cir.1966) (applying Minnesota law); *Goldstein v. Abco Constr. Co., Inc.*, 334 So.2d 281, 282 (Fla.Dist.Ct.App.1976); *Rose v. Mavrakis*, 343 Ill.App.3d 1086, 278 Ill.Dec. 751, 799 N.E.2d 469, 476 (2003); *Wallem v. CLS Indus., Inc.*, 725 N.E.2d 880, 887 (Ind.Ct.App.2000); *Sawyer v. Mills*, 295 S.W.3d 79, 84–86 (Ky.2009); *Pritsker v. Soyferman*, 275 A.D.2d 738, 713 N.Y.S.2d 213 (2000); *A. Aversa Brokerage, Inc. v. Honig Ins. Agency, Inc.*, 249 A.D.2d 345, 671 N.Y.S.2d 135, 136 (1998); *Sherman v. Haines*, 73 Ohio St.3d 125, 652 N.E.2d 698, 700–01 (1995); *Lectus, Inc. v. Rainier Nat'l Bank*, 97 Wash.2d 584, 647 P.2d 1001, 1003 (1982); 4 Caroline N. Brown, *Corbin on Contracts* § 19.1 (rev. ed.1997); 9 Richard A. Lord, *Williston on Contracts* § 24.4 (4th ed.2011); 72 Am. Jur.2d *Statute of Frauds* § 23 (2012); 37 C.J.S. *Frauds, Statute of* § 55 (2008). The Supreme Court of Ohio summarized the general rule in *Sherman*, at 700:

> Appellees argue, and the court of appeals held, that the oral agreement in this case could possibly have been performed within one year because appellant could have paid the entire $3,000 within a year, thus placing the agree-

ment outside the "not to be performed within one year" provision of R.C. 1335.05.

This position, however, is contrary to the great weight of authority. Most courts that have been confronted with oral agreements to pay money in installments over a period of time in excess of one year, the terms of which either precluded an early payoff or were silent as whether the defendant could pay the entire debt at an earlier time, have held such agreements to be within the applicable one-year provision of the Statute of Frauds in their respective jurisdictions. Other than a single dissenting opinion in *Hendry v. Bird* (1925), 135 Wash. 174, 185, 237 P. 317, 321, none of these courts has expressed the opinion that the potential for early payment amounts to a legal possibility of performance within one year sufficient to remove the agreement from the statute. In addition, those courts that have dealt with oral agreements similar to the agreement in the case *sub judice*, which do not specify the actual number of installment payments to be made but do provide for a periodic payment in such amount as would necessarily require more than a year to pay the entire obligation, have held such agreements subject to the statute.

Professor Lord has explained the rationale for the rule:

[A]lthough the parties' intention regarding how long a contract will require for complete performance is immaterial, the manner in which the contract is actually to be performed is essential, so that, if the performance of the contract as anticipated by the parties cannot possibly occur within a year, the fact that the promisor can legally meet its obligation under the contract within a year by another method of performance will not save the contract from the statute's scope.

9 Lord, *supra*, § 24.4, at 643.

■ [¶ 13] As testified to by Jon and Shaun Kohanowski, the alleged oral agreement by its express terms prescribed 36 monthly installment payments over a period of three years. Jon Kohanowski testified regarding the repayment terms:

A. It was over 3 years and so it was—the payments were smaller to begin with and then gradually got bigger.

The payments of 12, 12, 12; $215.00 one year, 315 a month the next year and 415. It was very straightforward.

. . . .

Q. (By Mr. Gust) And what was your understanding of what that agreement was?

A. That—that if I loaned them $10,000.00 and in 3 years I would each month, starting the month immediately following the loan, I would receive back the 10,000 plus the 7 and a half interest rate.

Shaun Kohanowski corroborated those repayment terms in his testimony:

And we were going to make smaller payments over the first year and then each year we would raise the payment by a hundred dollars. So it would be like 215, 315 and then 415. And then whatever the tie up was at the last payment.

Jon Kohanowski has conceded on appeal that the agreement did not include any terms regarding prepayment. The alleged oral agreement in this case, requiring 36 monthly payments over three years without an express provision for prepayment, "by its terms [was] not to be performed within a year from the making thereof." N.D.C.C. § 9–06–04(1). Thus, under the express language of the statute, and the well-settled general rule, the alleged oral

agreement is barred by the statute of frauds and is invalid.

■ [¶ 14] Jon Kohanowski contends that even if the agreement fell within N.D.C.C. § 9–06–04(1), it was taken out of the statute of frauds by partial performance when Burkhardt signed two checks making payments on the loan. This Court has not previously applied the doctrine of partial performance to allow enforcement of an oral agreement not to be performed within one year, and has questioned its applicability in such cases:

> This Court has previously questioned whether the doctrine of partial performance applies to an oral agreement which by its terms cannot be performed within one year and which does not involve real estate:

>> We also observe that the general rule is that under provisions similar to Section 9–06–04(1), N.D.C.C., contracts which cannot be performed within one year are not taken out of the statute of frauds by part performance. However, that general rule is subject to an exception for cases involving real estate.

> *Thompson,* 490 N.W.2d at 252 n. 3 (citations omitted); *see* 73 Am.Jur.2d *Statute of Frauds* § 419 (2001); 37 C.J.S. *Frauds, Statute of* § 191 (2008).

*Rickert,* 2012 ND 37, ¶ 12, 812 N.W.2d 413. As in *Rickert* and *Thompson,* it is unnecessary to decide whether an agreement unrelated to real estate which cannot by its terms be performed within one year can be removed from the statute of frauds by part performance, because we conclude Jon Kohanowski failed to allege part performance that would be sufficient to take the oral contract out of the statute of frauds. *See Rickert,* at ¶ 12; *Thompson,* at 252 n. 3.

[¶ 15] In his brief on appeal, Jon Kohanowski contends Burkhardt's signing of two checks payable to him constituted partial performance of the alleged oral agreement:

> In any event, the two payments made by Burkhardt to Jon Kohanowski did in fact constitute part performance. To remove an agreement from the statute of frauds, the partial performance must be consistent with the existence of a valid oral agreement. *Anheluk v. Ohlsen,* 390 F.Supp.2d 865, 872 (D.N.D. 2005), *aff'd,* 459 F.3d 874 (8th Cir.2006).

Jon Kohanowski contends the oral agreement required payments during the first year of $215 per month, so when Burkhardt signed the two $215 checks payable to him from the joint account, her actions were consistent with the terms of the oral contract.

■ [¶ 16] Jon Kohanowski has overly simplified and mischaracterized the nature of part performance required to remove an oral agreement from the statute of frauds. To take a contract out of the statute of frauds, the party seeking to enforce the oral contract must establish part performance that is not only consistent with, but that is consistent *only* with, the existence of the alleged oral contract. *See, e.g., Knudson,* 2012 ND 155, ¶ 18, 819 N.W.2d 511; *Rickert,* 2012 ND 37, ¶ 14, 812 N.W.2d 413. As we explained in *Rickert,* at ¶ 14:

> When it is alleged that partial performance removes an unwritten agreement from the statute of frauds, the most important question is whether the part performance is consistent only with the existence of the alleged oral contract. *In re Estate of Thompson,* 2008 ND 144, ¶ 12, 752 N.W.2d 624; *Fladeland v. Gudbranson,* 2004 ND 118, ¶ 8, 681 N.W.2d 431; *Johnson Farms v. McEnroe,* 1997 ND 179, ¶ 19, 568 N.W.2d 920. As further clarified in *Estate of Thompson,* at ¶ 13 (quoting

*Anderson v. Mooney,* 279 N.W.2d 423, 429 (N.D.1979)):

> " 'Another requirement of the doctrine * * * is that the acts relied upon as constituting part performance must unmistakably point to the existence of the claimed agreement. If they point to some other relationship . . . or may be accounted for on some other hypothesis, they are not sufficient.' "

*See also Buettner v. Nostdahl,* 204 N.W.2d 187, 195 (N.D.1973), *overruled on other grounds by Shark v. Thompson,* 373 N.W.2d 859, 867–69 (N.D.1985). To remove the alleged oral agreement from the statute of frauds, Jon Kohanowski would have to establish an act of partial performance that "unmistakably point[ed] to the existence of the claimed agreement," that was consistent *only* with the terms and existence of the alleged contract, and that could not "be accounted for on some other hypothesis." *Rickert,* at ¶ 14 (quoting *Estate of Thompson,* 2008 ND 144, ¶ 13, 752 N.W.2d 624).

[¶ 17] Burkhardt testified that Shaun Kohanowski alone had borrowed $10,000 from his brother and that she had never agreed to be personally liable for the loan. She further testified she wrote the two $215 checks to Jon Kohanowski because she routinely paid all of the couple's monthly bills out of their joint account. She explained Shaun Kohanowski was not financially responsible and she therefore handled the couple's joint checking account and payment of their bills, including Shaun Kohanowski's personal bills such as student loans.

[¶ 18] Burkhardt's testimony provides a plausible explanation of her actions in writing the checks to Jon Kohanowski. Accordingly, her actions are not consistent only with the existence of the alleged oral agreement and may "point to some other relationship . . . or may be accounted for

on some other hypothesis." *Rickert,* 2012 ND 37, ¶ 14, 812 N.W.2d 413 (quoting *Estate of Thompson,* 2008 ND 144, ¶ 13, 752 N.W.2d 624). Therefore, Jon Kohanowski has failed to establish part performance sufficient to take the contract out of the statute of frauds, and the alleged oral agreement is barred under N.D.C.C. § 9–06–04(1).

## III

[¶ 19] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. The judgment is reversed.

[¶ 20] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.