Filed 4/9/14 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2014 ND 74

Robert D. Knorr and Cheri Knorr, Plaintiffs and Appellees

v.

Jon Norberg and Alonna Norberg, Defendants

Jon Norberg, Appellant

No. 20130084

Appeal from the District Court of McLean County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Kapsner, Justice.

Sheldon A. Smith (argued) and David J. Smith (on brief), P.O. Box 460, Bismarck, N.D. 58502-0460, for plaintiffs and appellees.

James R. Bullis (argued) and Michael S. Montgomery (on brief), P.O. Box 9199, Fargo, N.D. 58106-9199, for appellant.

Knorr v. Norberg

No. 20130084

Kapsner, Justice.

[¶1] Jon Norberg appeals from a judgment allowing Robert and Cheri Knorr to buy back certain McLean County real property under an oral agreement.  We conclude the district court erred in holding partial performance of an oral lease agreement with an alleged option to purchase removed the oral agreement from the statute of frauds.  We reverse and remand for the court to consider the Knorrs’ alternative theories of recovery based on equitable principles of promissory estoppel and constructive trust.

I

[¶2] In 2004, Robert and Cheri Knorr bought a lot and built a home on Lake Audubon.  They intended to live at the lake home after retirement and had it built handicapped accessible to accommodate Cheri Knorr’s worsening Parkinson’s disease.  Because of the Knorrs’ successful farming operations and real estate investments in North Dakota and Arizona, they owned the lake home debt free.

[¶3] When the national real estate market soured in the late 2000s, the Knorrs had to mortgage the lake property and other property to satisfy loan commitments.  Their financial difficulties continued, however, and they were unable to make the mortgage loan payments on the property, so they turned to family members for assistance.  According to the Knorrs, family members agreed to help them by purchasing their homes in Arizona and North Dakota and leasing them to the Knorrs with an option to repurchase the homes.  The Knorrs’ eldest daughter and her husband purchased the Arizona home and leased the property to the Knorrs with an option to repurchase.  The Knorrs’ daughter, Alonna, and her husband, Jon Norberg, allegedly agreed in late 2010 to purchase the North Dakota lake home and lease it to the Knorrs with an option to repurchase.

[¶4] In February 2011, a lease agreement containing an option to purchase the lake home was executed by the Knorrs and sent to the Norbergs for their signatures.  Alonna Norberg signed the agreement and claimed Jon Norberg did so as well, but that document has not been found.  Jon Norberg claimed the lake home was leased to the Knorrs but no option to buy back the home was included in the transaction.  After transferring the lake home to the Norbergs, the Knorrs continued to live in the home, made monthly payments to Jon Norberg for an amount equal to the Norbergs’ mortgage payments, paid all real estate taxes on the property, maintained the property, and paid all utilities and other expenses associated with the property.  In December 2011, the Knorrs gave notice to the Norbergs, who were then experiencing marital difficulties, that they were exercising the option to purchase the lake property. Jon Norberg refused to recognize the option.

[¶5] The Knorrs sued the Norbergs seeking an order that they comply with the option agreement or that they are entitled to buy back the property under equitable principles of promissory estoppel and constructive trust.  Alonna Norberg answered and filed a cross-claim against Jon Norberg for reimbursement and indemnity should the Knorrs recover against her.  Jon Norberg claimed in his answer that the alleged oral option agreement was barred by the statute of frauds.

[¶6] 
Following a bench trial, the district court ruled “there is clear and unequivocal evidence of an oral option agreement and of partial performance under that agreement to remove the contract from the Statute of Frauds and compel specific performance of the option agreement.”  The court ordered that the Knorrs be allowed to buy back the lake home “in accordance with the oral terms of their agreement.”  The court dismissed the cross-claim and did not address the equitable theories of recovery advanced by the Knorrs.

II

[¶7] Jon Norberg argues the district court erred in ruling the alleged oral option agreement is enforceable under the statute of frauds.

[¶8] Section 9-06-04(3), N.D.C.C., provides in relevant part:

The following contracts are invalid, unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged, or by the party’s agent:

. . . .

3. An agreement for the leasing for a longer period than one year, or for the sale, of real property, or of an interest therein.

Under N.D.C.C. § 9-06-04(3), a “long-term lease with an option to purchase would ordinarily require a signed written agreement.”  
Moen v. Thomas
, 2001 ND 95, ¶ 16, 627 N.W.2d
 146.  Absent a written contract or agreement, however, N.D.C.C. § 47-

10-01 allows a “court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof.”  In 
Bloomquist v. Goose River Bank
, 2013 ND 154, ¶ 13, 836 
N.W.2d
 450, we explained:

We have clarified that, in order to remove an oral agreement from the statute of frauds, the part performance must unmistakably point to the existence of the alleged oral agreement:

To take a contract out of the statute of frauds, the party seeking to enforce the oral contract must establish part performance that is not only consistent with, but that is consistent 
only
 with, the existence of the alleged oral contract.  As we explained in 
Rickert [v. Dakota Sanitation Plus, Inc.
, 2012 ND 37, ¶ 14, 812 N.W.2d 413]:

When it is alleged that partial performance removes an unwritten agreement from the statute of frauds, the most important question is whether the part performance is consistent only with the existence of the alleged oral contract.  
In re Estate of Thompson
, 2008 ND 144, ¶ 12, 752 N.W.2d 624; 
Fladeland v. Gudbranson
, 2004 ND 118, ¶ 8, 681 N.W.2d 431; 
Johnson Farms v. McEnroe
, 1997 ND 179, ¶ 19, 568 N.W.2d 920.  As further clarified in 
Estate of Thompson
, at ¶ 13 (quoting 
Anderson v. Mooney
, 279 N.W.2d 423, 429 (N.D. 1979)): “‘Another requirement of the doctrine * * * is that the acts relied upon as constituting part performance must unmistakably point to the existence of the claimed agreement. If they point to some other relationship . . . or may be accounted for on some other hypothesis, they are not sufficient.’”

(quoting 
Kohanowski v. Burkhardt
, 2012 ND 199, ¶ 16, 821 
N.W.2d
 740); 
see also
 
Trosen v. Trosen
, 2014 ND 7, ¶ 24, 841 N.W.2d 687.

[¶9] The existence of an oral contract and the conduct of partial performance of that contract are questions of fact we review under the clearly erroneous standard of review.  
See
 
Fladeland v. Gudbranson
, 2004 ND 118, ¶ 14, 681 N.W.2d 431; 
Johnson Farms v. McEnroe
, 1997 ND 179, ¶ 20, 568 
N.W.2d
 920.  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing the evidence, we are left with a definite and firm conviction a mistake has been made.  
Danuser v. IDA Marketing Corp.
, 2013 ND 196, ¶ 31, 838 
N.W.2d
 488.  In a bench trial, the district court determines the credibility of witnesses, and we do not second-guess those credibility determinations.  
Id.

[¶10] The district court ruled:

1. The Court concludes as a matter of law that there is clear and unequivocal evidence of an oral option agreement and of partial performance under that agreement to remove the contract from the Statute of Frauds and compel specific performance of the option agreement.  N.D.C.C. §§ 9-06-04(3), 47-10-01.

2. Evidence supporting the existence [of the] oral option agreement is as follows:

a. Robert and Cheri Knorr purchased the land and built the [lake] home specifically with Cheri Knorr’s Parkinson’s disease in mind.

b. Rob Knorr specifically testified that only family members were being considered to help out Robert and Cheri financially by buying the homes in North Dakota and Arizona with a lease and buy back option.

c. Robert and Cheri Knorr continued to live in the [lake] home even after the home was transferred to the Norbergs.

d. Jon Norberg was aware of family discussions regarding the Knorrs’ financial situation and aware of the lease and buy back option discussions.

e. Jon and Alonna Norberg agreed to help out Robert and Cheri.

f. Jon Norberg admitted the existence of an oral lease with no designated end date, which should have also been in writing under the Statute of Frauds.

g. Except for a late payment by Jon Norberg to [the bank], the transfer of the [lake] home did not cost Jon and Alonna Norberg any money.  Robert and Cheri Knorr paid for everything.

h. Jon Norberg never had a key to the [lake] home.

3. Evidence supporting partial performance by the Knorrs is as follows:

a. Robert and Cheri Knorr fulfilled their obligations under the oral lease and buy back option agreement by: (1) making payments to Jon Norberg (which covered the Norbergs’ mortgage payment on the home[)]; (2) paying all real estate taxes related to the [lake] home after the purchase; (3) maintaining an insurance policy on the property; (4) physically maintaining the property; (5) paying all utilities; and (6) paying all other costs and expenses associated with the home.

b. Robert and Cheri provided notice they were exercising their option to repurchase [the] home.

[¶11] The district court’s decision is flawed.  First, the court made no findings about the terms of the parties’ oral agreement.  An oral contract can be enforced only when the parties have agreed on its essential terms, which depend on the context of the agreement.  
See, e.g.
, 
B.J. Kadrmas, Inc. v. Oxbow Energy, LLC
, 2007 ND 12, ¶ 12, 727 N.W.2d 270; 
Lonesome Dove Petroleum, Inc. v. Nelson
, 2000 ND 104, ¶ 18, 611 N.W.2d 154.  The court did not identify the amount of the lease payments, the length of the lease, or the manner in which the option to purchase could be exercised.  The court merely recited the parties’ opposing arguments without detailing what it found to be the terms of the oral agreement.

[¶12] Second, prevailing on a claim of partial performance sufficient to remove an oral contract from the statute of frauds is no easy task, because the party seeking to enforce the agreement must establish acts of part performance that are consistent 
only
 with the existence of the oral agreement.  
See, e.g.
, 
Trosen
, 2014 ND 7, ¶¶ 24-28, 841 N.W.2d 687; 
Bloomquist
, 2013 ND 154, ¶¶ 13-16, 836 N.W.2d 450; 
Kohanowski
, 2012 ND 199, ¶¶ 16-18, 821 N.W.2d 740; 
Fladeland
, 2004 ND 118, ¶¶ 8-14, 681 N.W.2d 431.  
Fladeland
 is particularly instructive here.  
Fladeland
 involved an action for specific performance of an alleged oral lease agreement with an option to purchase a ranch.  
Id.
 at ¶¶ 3, 6, 10.  In concluding the plaintiffs had established part performance removing the oral contract from the statute of frauds, the district court had relied on the following evidence.

1.  Fladelands have made regular semiannual payments under the oral contracts, totaling $331,785.86; 2.  Fladelands have resided on the ranch since 1979, and have been in exclusive possession of the same since 1991 (the “Strobeck land”)/1993 (the “Feehan land”); 3. Fladelands have made substantial, valuable and permanent improvements to the ranch during their occupancy; 4. Fladelands have paid for all necessary insurance coverage for the farming/ranching operation they’ve conducted on the property during their occupancy; and, 5. Fladelands have obligated themselves to make reimbursement for the total amount of money expended by Joe Gudbranson and his estate in payment of real estate taxes assessed against the property during Fladelands’ occupancy.

Id.
 at ¶ 9.  This Court reversed:

These improvements, while numerous, are not consistent only with the alleged oral contract. Many of the improvements were made in conjunction with the Fladelands’ farming and ranching operation and are consistent with a lease without an option to purchase. . . . 

. . . .

The alleged oral contract is not removed from the statute of frauds because there was not partial performance consistent only with the existence of the alleged contract.

Id.
 at ¶¶ 12, 14.

[¶13] Similarly, the Knorrs’ payment of the Norbergs’ mortgage obligations; payment of taxes, insurance, utilities, and other costs and expenses associated with the lake home; and maintenance of the property are as consistent with a simple lease without an option to purchase as those actions are with a lease with an option to purchase.  We recognize the district court in this case also relied on the Knorrs’ attempt to exercise the option, and an attempt to exercise the option in 
Fladeland
 was not mentioned by this Court in its recitation of the facts.  However, 
Fladeland
 was a specific performance action, and a tender “is a necessary precedent to the right to maintain an action in specific performance for the conveyance or leasing of real estate.”  
Alfson v. Anderson
, 78 N.W.2d 693, 704 (N.D. 1956); 
see also
 N.D.C.C. § 32-04-08; 
Haugland v. Hoyt
, 267 N.W.2d 803, 806 (N.D. 1978); 
Zundel v. Farmers Union Grain Co.
, 79 N.W.2d 48, 52 (N.D. 1956); 
Kern v. Kelner
, 79 N.D. 948, 949, 48 N.W.2d 90, 91 Syll.3 (1951); 71 Am. Jur. 2d 
Specific Performance
 § 82 (2012). The Knorrs’ attempt to exercise the alleged option was necessary to bring a specific performance action, just as an attempt to exercise the option would have been necessary to maintain a specific performance action in 
Fladeland
.  Moreover, were we to conclude that a mere attempt to exercise a disputed oral option is sufficient in itself to remove an oral agreement from the statute of frauds, “[t]he purpose and intent of the statute of frauds . . . to prevent fraud and perjury” would be thwarted.  
Wilhelm v. Berger
, 297 N.W.2d 776, 779 (N.D. 1980).  

[¶14] The legal significance of the Knorrs’ conduct is not consistent only with the existence of an option to purchase.  
See
 
Trosen
, 2014 ND 7, ¶ 26, 841 
N.W.2d
 687.  The Knorrs failed to establish part performance sufficient to take the alleged oral contract out of the statute of frauds, and the alleged oral agreement is barred under N.D.C.C. § 9-06-04(3).

III

[¶15] The Knorrs argue the district court’s decision nevertheless should be affirmed under equitable principles of promissory estoppel and constructive trust.

[¶16] The district court did not address these alternative theories in its decision.  Promissory estoppel and constructive trust involve questions of fact subject to the clearly erroneous standard of review.  
See
 
Syversen v. Hess
, 2003 ND 118, ¶ 11, 665 N.W.2d 23; 
Peterson Mech., Inc. v. Nereson
, 466 N.W.2d 568, 571 (N.D. 1991).  The facts necessary to establish either theory are disputed.  We therefore remand for consideration of the Knorrs’ alternative theories of recovery.

IV

[¶17] We reverse the district court’s holding that partial performance of the oral agreement removed it from the statute of frauds.  We reverse the judgment and remand for the court to consider the Knorrs’ alternative theories of recovery based  on equitable principles of promissory estoppel and constructive trust.

[¶18] Carol Ronning Kapsner

Daniel J. Crothers

Dale V. Sandstrom

David W. Nelson, D.J.

Gerald W. VandeWalle, C.J.

[¶19] The Honorable David W. Nelson, D.J., sitting in place of McEvers, J., disqualified.